FRANKLIN,
January,
1832.

## DANIEL LOOMIS *vs.* MICHAEL BARRETT.

In an action on book account between A and B, a claim in favor of A against B and C, as partners, is not proper to be taken into consideration by the auditor, and an objection to such a claim is not waived by not pleading in abatement.

This was an action on book debt brought before Franklin county court. Judgement having been rendered upon *nil dicit*, that defendant account, the case came before the auditor for hearing, who, having audited and adjusted the account, made the following report, viz.

" Your auditor further reports the following facts, in relation to the plaintiff's account hereto annexed. In September, 1823, the inhabitants of Henrysville, in Lower Canada, undertook to build a brick school house there by subscription, and appointed a committee for that purpose. This committee put up the job at public auction to the lowest bidder, on condition, that the person undertaking should furnish all materials. Morris Dixon, one of the committee, who transacted the business at the auction, stated at the time, that the bricks could be had at $4,00 pr. thousand, and that the plaintiff had them for that price. The defendant, being the lowest bidder at the auction, undertook the job for $227, on the conditions above mentioned. Afterwards, during the progress of the work, when the defendant had occasion for bricks, Dixon desired him to take them from plaintiff's yard, at the same time informing defendant, that plaintiff had taken up goods from his, Dixon's, store on account of the bricks. The defendant accordingly employed teams to get the bricks for the school house, and the plaintiff delivered the bricks charged in his account to said teamsters, to the amount of 28,360, as the teamsters called for them, and charged them to the defendant on book at $4,00 per thousand, without any bargain or contract with the defendant in relation to the bricks (except what may be infered from what Dixon stated at the auction aforesaid, in presence of defendant and plaintiff,) and without informing the defendant that the plaintiff should charge the bricks to him, or look to him for payment, till the first part of January, 1829. The plaintiff, at the time he delivered the bricks, as aforesaid, expected to be paid for them $4,00 per thousand, when the subscription should be called for by Dixon, who it appeared had the collection of the subscriptions some what in charge, though the plaintiff considered the defendant holden to him for the bricks. Plaintiff called on Dixon frequently who always refused. In the winter of 1824, defendant removed from Henrysville into this state, after having completed the job, and received about $100 on the subscriptions aforesaid, leaving the residue in the hands of Dixon, supposing he was not liable to plaintiff for the bricks, but that plaintiff would be paid by Dixon, and did not visit Henrysville till a short time before this trial. During the time the defendant was at Henrysville, he was in

FRANKLIN,
January,
1832.

Loomis
vs.
Barrett.

partnership with one John McGrath in the brick laying business, both as respects the school house aforesaid, and Austin Adams' house, mentioned in the plaintiff's account; and the articles in the plaintiff's account were furnished for the defendant and McGrath in their partnership business. McGrath laboured with the defendant some part of the time in building the school house, and Adams' house. The defendant contended, that the plaintiff ought not to be allowed his charges for the bricks, because there was not any express bargain and sale thereof to the defendant, and that he could not recover of the defendant alone, but ought to have joined McGrath in the action, and that if the account was allowed, interest ought not to be computed thereon. But the auditor decided that, from the foregoing facts, the defendant was liable in this action for the bricks, and that it was too late to take advantage of the nonjoinder of McGrath; and allowed the plaintiff's charges for 28,360 bricks, at $4,00 per thousand, the items for drawing bricks and stone, sand and lime, for the school house, amounting to $114,19, with interest thereon 64 months, making $35,54 interest. The item of plaintiff's account for sand for Austin Adams' house, $11, was not allowed, as not being a proper item of book account; it appearing to be for the privilege of going on to the plaintiff's land, and digging and carrying away the sand: All which is respectfully submitted."

Upon the coming in of this report, the defendant filed his exceptions thereto, objecting to the decision of the auditor in two particulars. The first was, that the auditor adjudged the defendant to be indebted to the plaintiff for the bricks mentioned in the report, and the second that the auditor overruled the objection, that the bricks, if chargeable to him at all, were properly chargeable to himself and McGrath, as partners, and were not therefore a proper subject of adjudication by the auditor in this case. The county court overruled the exceptions and rendered judgement on the report. To this decision of the county court, affirming the decision of the auditor, the defendant also excepted, and the case was brought to the Supreme court for revision.

*Hunt and Beardsley, for plaintiff.*

*Smalley, for defendant.*

PHELPS, J., delivered the opinion of the Court.—The point principally relied on by the defendant, and the only one which it is necessary for the Court, on this occasion, to notice, is, whether the objection, that the claim in question was strictly a claim against the defendant and McGrath as partners, and not against the defendant alone, was available before the auditor. It is contend-

FRANKLIN,
January,
1832.

Loomis
vs.
Barrett.

ed by the plaintiff, that the objection is founded on mere matter of abatement, and should have been so pleaded ; that not having been pleaded in abatement, the defence is to be considered as waived, and as not available upon trial on the merits. Of this opinion was the auditor, who probably considered himself bound by the general rule as laid down in the books.

There is no rule better settled, than that in actions *ex contractu* the non-joinder of a person who should be made defendant, is pleadable only in abatement. The reason of this rule is obvious. The defence is merely dilatory in its character—it does not concern the merits of the claim, and it is the policy of the law to distinguish between those defences, which serve merely to defeat the action, and those which, going to the merits of the claim, lay a foundation for a final and conclusive decision. It is also well settled, as a general rule, that all dilatory pleas should be filed at the first term of the court to which the action is brought; and it is provided by the rules of our courts, that they be filed within a specified period, which is generally early in the term. The principle of the rule whether, as a part of the common law, or as an arbitrary rule of court, is, that defences, which serve merely the purpose of delay, should be made at the earliest possible opportunity. The propriety of this rule cannot be doubted, nor its salutary tendency denied.

But it is also an axiom, which will not be questioned, that if the law, in any given case, allows a particular defence, there must be a period, when, in the progress of the suit, that defence may be properly and effectually urged. The rule which I have just mentioned is not intended to violate this axiom, or to exclude altogether any legal or proper defence ; but simply to compel the party to present such as are of a dilatory character at the earliest stage. Hence the rule never applies, until an opportunity is offered to plead the defence. In accordance with this doctrine, it has always been held, in cases where actual notice has not been given to the defendant before the entry of the action, but particular notice directed by the court, agreeably to the statute, that a plea in abatement at a subsequent term is seasonable and proper.

The rule itself, as well as the reason on which it is founded, undoubtedly applies to the action on book account as well as in any other ; but the inquiry is, at what stage of the action such a defence becomes available and proper ? The action on book account is an anomalous proceeding, created by statute, and bearing no analogy to any form of action, except that of account at common law.

FRANKLIN,
*January,*
1832.

Loomis
*vs.*
Barrett.

It is indigenous in New-England, unknown in the jurisprudence of that country from which we derive our law, and unknown in most of the states. It is not to be expected, that much should be extracted from books in relation to its principles ; especially as the action of account, to which it is allied, is mentioned by most elementary writers, rather in the way of honorable remembrance, than with the purpose of explaining its principles or ascertaining its incidents.

The declaration in this action is general, alleging a general indebtedness, but setting forth no specific claim as a subject of distinct litigation. It embraces, however, within its purview all that variety of claims, which by the law or usage of the country, or the particular course of dealing between the parties, become proper subjects of book charge. The defendant is not presumed to know the precise items of charge which the plaintiff may present before the auditor, nor can he be compelled to anticipate in his defence the specific claims which the plaintiff may ultimately urge. He has no opportunity to plead in abatement as to any particular claim, nor can he be compelled to answer thereto until such claim is specifically presented. This is first done at the hearing before auditors, and the objection, if taken here, is taken at the earliest opportunity. There is certainly no ground for presuming a previous waiver of the objection, and the admission of it here consists with the reason of the rule.

The position that such a defence is not admissible before auditors, is predicated on the assumption that it may be pleaded in abatement. It is difficult to perceive to what such a plea in abatement could apply. The plea would be directed rather to the evidence to be presented by the plaintiff on a future occasion, than to the cause of action, as set forth in the declaration ; and it would by a task of no easy accomplishment, to form an issue under such circumstances, the decision of which would be effectual. The defence at this stage of the action is premature.

Could such an issue be formed, yet the difficulty is not surmounted. The plea must be ineffectual unless the objection hold good to all the items of the plaintiff's account. It is evident, therefore, that the trial of such an issue would necessarily involve the whole account, the allowance or disallowance of other claims not subject to the objection, and, in general, every consideration connected with the question as to the ultimate balance. In this way the whole duty of the auditor is transferred to the jury, and that under circumstances which exclude the legitimate evidence in the

FRANKLIN,
January,
1832.

Loomis
vs.
Barrett.

case, the party's own oath. Another and further trial by auditors, as required by the form of proceeding in the action, would not only be unnecessary, but would exhibit the absurdity of two trials in the same case, as it might be upon the same issue, involving the same questions of law and fact, yet upon different rules of evidence. Besides, if the question is drawn within the cognizance of a jury, the mode of proof is changed. The statute gives the parties the right of being witnesses before auditors, and they are undoubtedly competent witnesses as to the question on whose or what account the property delivered, or money paid, was delivered.—See 2 *Aik.* 81 ; and same, 386.—This right becomes, when we consider the inducement held out to the parties, by the law, to rely on their own testimony, and forego other evidence, doubly important, and ought to be protected. They cannot however be witnesses on a trial by jury ; and thus the evidence sanctioned by statute as legitimate to support the issue, is by the mode of trial excluded.

It may further be remarked, that a plea in abatement, upon the ground suggested, would be of no avail, unless it went to the whole account of the plaintiff. Upon the supposition, therefore, that the item or items contested upon this ground are accompanied by charges properly made to the defendant alone, the plea would be bad. It must be overruled, and unless the objection can be renewed before auditors, partnership debts to an indefinite amount might be charged upon one partner without a possibility in any stage of the action of making this defence.

It is suggested, however, that the defendant might pray oyer of the account, and, having a transcript furnished him, might plead in abatement as in other cases ; but when it is considered that the plaintiff is not bound by his profert, but may on trial before auditors, go into evidence of other and different charges, (see *Read* vs. *Barlow,* 1 *Aikens' Rep.* 145,) the argument fails. A fictitious account would necessarily lead to a full trial on the merits, and the existence of a single charge, justly made against the defendant alone, would defeat the objection. The jury could not discriminate, and unless the objection could be made before auditors, the consequence already mentioned would follow.

It is apparent, therefore, that, as the peculiar form as well as mode of proceeding in this action, precludes this defence by way of abatement, neither the rule as to abatement, nor the reason on which it is founded, forbid the defence before auditors.

There is another rule upon which our decision may be justified.

FRANKLIN,
January,
1832.

Loomis
vs.
Barrett.

Triers are in all cases limited to matters coming within the purview of the action. The declaration on book claims a balance due from the defendant, on the account between the *parties*. In adjusting that account, the auditors are confined to what properly appertains to it. An account between other parties, involving dealings with persons not parties to the suit, and implicating their rights, does not come within the compass of the suit, nor within the purpose of the auditor's appointment. The principle therefore, upon which the claim in question should have been rejected by the auditor, has no connexion with the subject of pleading in abatement. Where indeed the declaration is specific, and puts in issue a particular claim, the objection that another should be made a defendant, as being interested in that claim, is purely a matter of abatement. The distinction between such a case and the present is, that in the former, the claim is distinctly put in issue, and in the latter, is not drawn in cotroversy at all.

It may be added, that if the introduction of partnership claims is allowed on one side, it must be on the other, and in case of several partnerships in which either of the parties might be interested, the attempt to plead the transactions of the various firms in one account, and extract from it a simple balance, would tend to involve the concerns of all in inextricable confusion. The impropriety of such a course forms a sufficient objection to it ; and this objection is not derived from, nor has it any connexion with, the subject of abatement.

The judgement of the county court must therefore be reversed.