# RUTLAND COUNTY.

WILLIAM W. BAILEY *v.* SILAS W. HODGES, DUDLEY B. FULLER, HORACE FULLER AND CHARLES H. RUSSELL.

In an action on book account the non-joinder, as defendant, of one of the contracting parties is not waived by not being pleaded in abatement, but may be taken advantage of at the hearing before the auditor; and if the fact of such non-joinder is found by the auditor, judgment will be rendered, upon the report, in favor of the defendant.

And it makes no difference, in such case, that the omitted co-contractor resides out of this state, and that he and the other defendants were parties with another person, since deceased, in the business in which the plaintiff's account accrued, and contracted with him as such, and that, in describing the defendants in the writ, they are named as " surviving partners " of the person deceased,—the declaration being in common form, and making no mention of the partnership.

BOOK ACCOUNT. The defendants were described in the writ as " surviving partners of Henry Hodges, late of said Clarendon, deceased, in the lumbering and milling business at Castleton in the county of Rutland. The declaration was in common form. · Judgment to account was rendered, and an auditor was appointed, who reported, that the defendants objected to the allowance of the plaintiff's account, upon the ground that William P. Russell, of the city of New-York, was not joined as a defendant in the suit. It appeared, that the accounts in the case accrued between the plaintiff, on the one side, and the Castleton Land Company, on the other, which was a partnership, consisting, at the time the accounts accrued, of the defendants, and the said Henry Hodges, deceased, and William P. Russell, of the city of New-York; and that the defendants and Henry Hodges never transacted business in company, except in connection with said William P. Russell.

The auditor also reported the facts in relation to the items of the

accounts,—which it is unnecessary to detail,—and the county court, April Term, 1846,—Williams, Ch. J., presiding,—rendered judgment in favor of the plaintiff upon the report. Exceptions by defendants.

*S. H. Hodges* for defendants.

1. The non-joinder of William P. Russell is a defence to the action, and need not be pleaded in abatement. *Loomis v. Barrett,* 4 Vt. 450. *Goddard v. Brown,* 11 Ib. 278. *Smith v. Watson,* 14 Ib. 332.

2. It makes no difference, that the defendants and William P. Russell constituted a partnership; for the plaintiff had a right to testify, that he did not deal with the firm; and, from its not being named in the writ, the defendants had a right to infer that he looked to them alone.

3. The non-residence of a joint contractor doesn ot justify omitting his name in the writ. In England he must be outlawed in the suit; and here he must be returned *non est inventus. Sheppard v. Baillie,* 6 T. R. 327. *Adams v. Bliss,* 16 Vt. 39.

*Pierpoint* for plaintiff.

There is no better established principle of law, than that, in an action founded on contract, the non-joinder of a person who should be made defendant is pleadable only in abatement. There may be a case, where an action on *book account* is commenced against a single individual, where the defendant might be justified in presuming that the plaintiff's account was against him alone, and that no other person ought to be joined in the suit. But in this suit the defendants are sued as partners, carrying on a particular business; the issue tendered by the declaration is a specific claim; and if the plaintiff has not included all the members of the partnership in his writ, the omission was apparent when it was served.

The opinion of the court was delivered by

Bennett, J. It appears, that William P. Russell was one of the partners in the Castleton Land Company, and that he was not made a co-defendant in the suit. This was urged, before the auditor, as a reason why the report should have been for the defendants; and it

is for us to consider the validity of this objection to the plaintiff's right of recovery.

It need hardly be stated, that, in actions at the common law, founded upon contract, a non-joinder of a defendant is only matter of abatement, and is of no avail upon the trial of the merits. In *Loomis* v. *Barrett*, 4 Vt. 450, it was held, that a different rule should prevail in our action on book account; and the reasons of that decision are quite obvious. The question, as to the true parties to the accounts presented for adjustment, is litigated before the auditor; and the parties themselves are witnesses to this point. No plea in abatement can be sustained, that puts in issue matter, about which it is competent for the plaintiff to testify. The parties cannot be examined as witnesses, except before auditors. It, of course, has been held, that all matters, about which the parties may testify, must be litigated at the audit.

We think that the case of *Loomis v. Barrett* must govern this. In that case, McGrath, who was a partner with Barrett, was not joined in the suit; and it was held, that the judgment to account was no waiver of the objection, and that it should avail the defendant on the trial before the auditor. In this case, the defendants in the writ are described as the surviving partners of Henry Hodges in the lumbering and milling bussiness; but this is only matter of description. By the declaration the defendants are required to render to the plaintiff a given sum, which he says is justly due from the defendants to balance book accounts between them. They are not declared against as surviving partners; and no allusion is made in the declaration to such a fact. There is no reason, why the plaintiff might not recover against the defendants, on the record; if he could have established an account against them alone before the auditor. The plaintiff might also litigate a claim against these defendants, as the surviving partners of Henry Hodges. It is not necessary, in such case, to declare against the surviving partners, as such. If it had not been for the non-joinder of Russell, the plaintiff's account should have been allowed. The same difficulties, which prevented a plea of abatement from being interposed in the case of *Loomis* v. *Barrett*, could prevent one, in this case, for the non-joinder of Russell.

The fact, that Russell resided without this state, cannot change the principle, which should govern the case. The process might have issued against him; and if no service could have been made upon him, he might have been severed from the other defendants by a *non est* return. See *Adams* v. *Bliss*, 16 Vt. 42. The case of *Loomis* v. *Barrett*, we think, must govern this case.

The judgment of the county court must therefore be reversed; and judgment be rendered, on the report of the auditor, for the defendants to recover their costs.