JONATHAN MELLENDY *v.* NEW ENGLAND PROTECTIVE UNION, DIVISION 172.

*Practice.   Non-joinder.   Agency.*

The rule laid down in *Loomis* v. *Barrett,* 4 Vt. 450, that in an action on book account the non-joinder of a defendant need not be pleaded in abatement, but might be shown on the trial, is not extended to actions upon the common counts in assumpsit.

In such a case, under the provisions of Act No. 7, of 1851, the defendant in the suit must plead the non-joinder, and move to have the case continued and the other party, who ought to have been joined, summoned in, otherwise he waives his objection on that ground.

The facts in this case constitute plenary proof of the agent's authority to borrow the money sued for.

Where a partnership were sued by a name which they had uniformly used before the world, but had signed the note in suit in the usual form of abbreviation which they had used in signing notes, *held,* that under the general counts there could be no question of variance.

ASSUMPSIT, upon the common counts, for money had and received.

The defendants were sued as partners negotiating in business under the name and firm of the New England Protective Union, Division 172.

At the April Term, 1862, Windham County Court, BARRETT, J., presiding, eight defendants were defaulted. The remaining defendants went to trial by jury upon the general issue. A book containing a record of the organization of the division and the names of the members, was put into the case by the plaintiff without objection.

The plaintiff produced one Winfield Wright as a witness, who testified that the defendants were doing business as partners in Londonderry; that he was a member of the division, and agent for about three years next prior to the 8th February, 1861.

The witness further testified that the names of all the defendants appeared in said book, and that they were all members at the time of the commencement of this suit. The witness was shown a promissory note which he identified and testified he

signed for the defendants as their agent. The note was offered in evidence by the plaintiff,—was objected to by the defendants, but was admitted by the court, to which the defendants excepted. The witness also testified that this note was given for $100, received by him of the plaintiff, which went to the use of the division ; that he was employed as agent for the division by the directors ; that he was accustomed to borrow money for the division and give notes for the same without consulting the directors ; that he was authorized by the directors to do so ; that he had talked with them about giving such notes, and they had seen such notes after they had been taken up. Upon cross examination the witness also testified that the following persons were also partners in said division and business at the time said note was given, and at the time of the commencement of this suit, to wit : Josiah S. Abbott, Russell Aldrich, Samuel Brown, Asa Coombs, Jarius B. Collins, Isaac N. Cochran, Asa G. Eddy, George Hollingsworth, Cyrus Kingsbury, Clark C. Pierce, Calvin Pierce, Joel P. Stevens, Franklin W. Sheldon, Warren Wright and Merrick Wood, (none of whom were sued in this action ;) that they were all doing business at Londonderry at the time of giving the note ; that their sign over the door of their place of business read " N. E. Protective Union, Div. 172," and had been up for eight years ; that in signing the company name he always used the name " Div. 172." This was all the testimony or proof adduced as to these points. It did not appear that any specification of the plaintiff's had ever been furnished the defendants. No question was made by the defendants as to the existence of said partnership or division, or as to its having carried on business as such, down to February 1861, or as to the defendants being members of the same at the time the note was given, or as to said Wright having charge of the business as-agent at the time the note was given, and for three years prior thereto, as he testified that he had. The plaintiff claimed to recover for the money for which the note was given.

The defendants requested the court to hold and instruct the jury that if said persons last above named were members of said

partnership at the time of giving said note, the plaintiff could not recover against these defendants alone ; and also that the plaintiff had not offered sufficient proof to show that said Wright had authority as agent of the defendants to bind them by the execution of said note, but the court declined to hold and instruct the jury as requested, and held that the non-joinder of the persons named could not be taken advantage of by the defendants under the general issue, and submitted the question of Wright's authority as agent for the defendants to borrow said money, to the jury upon the proofs above stated. To all of which the defendants excepted.

Other testimony was introduced by both parties touching the consideration of the note, concerning which no exceptions were taken.

Verdict for the plaintiff.

*Butler & Wheeler,* for the defendants—as to the non-joinder of parties liable as defendants, cited *Loomis* v. *Barrett,* 4 Vt. 450 ; *Bailey* v. *Hodges et al.,* 19 Vt. 618 ; *Jordon* v. *Wilkins,* 3 Wash. C. C. 110 ; S. C. 1 U. S. Dig. 9, § 201. The description of the defendants in the writ as partners under the name of the "New England Protective Union, Division 172," did not notify them of what the plaintiff's claim consisted, for that is not the name by which the note was signed, nor the name they adopted for their association. *Bailey* v. *Hodges et al.;* 19 Vt. 618. As to Wright's authority as agent, Coll. on Part. 981 ; 2 Green. Ev. 57 § 66 ; *Town, Adm'r,* v. *Hendee,* 27 Vt. 258 ; *Emery* v. *Thompson,* 27 Vt. 614 ; *Emerson et al.* v. *Prov. Hat. Manf. Co.,* 12 Mass. 237 ; *Brewster* v. *Hobart et al.,* 15 Pick. 302. The note was improperly admitted as evidence. *Gordon* v. *Austin,* 4 T. R. 611 ; 2 Stra. 725.

*A. Stoddard,* for the plaintiff—as to Wright's authority to borrow money as agent, cited Coll. on Part. 112 and 212 ; *Ridley* v. *Taylor,* 13 East 175.

No advantage can be taken of the non-joinder under the gen

eral issue.   Coll. on Part. 412;   *Rice* v.   *Shute*, Burr 2611;
Gould's Plea. ch. 5 § 114;   *McGregor* v.   *Balch et al.*, 17 Vt.
562.

ALDIS, J.   In *Loomis* v. *Barrett*, 4 Vt. 450, it was held, that,
in an action on book account, the non-joinder of a defendant
need not be pleaded in abatement, but might be shown on the
trial before the auditor.   It is sought in this case to extend the
principle to actions upon the common counts in assumpsit.   It is
said the declaration, as in book, does not show what the plain-
tiff's claims are, and the defendant can not tell whether others
are or are not liable jointly with him till he comes to trial.   But
the defendant can require a specification of the plaintiff's claims,
and the specification, unlike oyer in book account, is binding on
the plaintiff.   It is further said, that dilatory pleas by the rules
of court must be pleaded by the fourth day of the first term,
while specifications are not required by the rules to be filed at so
early a day.   And the opinion of Judge WASHINGTON in *Jordan*
v. *Wilkins*, 3 Wash. C. C. R. 112, is cited to show that in such a
case the evidence of the non-joinder should be received on trial
under the general issue.   But it may be observed in reply to
these suggestions, that rules of court may be suspended or
enlarged by the court in their discretion, but settled principles of
law, such as that the non-joinder of a defendant must be pleaded
in abatement, can not be so varied.   In this case the defendant
might have moved the court for a rule that the plaintiff furnish a
specification immediately, and before the defendant be required
to plead in abatement, and that the time for pleading in abate-
ment be enlarged, and upon such motion and proper proof it would
have been granted; for a plea, that there are other partners who
ought to be joined, is one of substance to protect the defendant's
rights, and not a mere technicality or matter of form.   In the
case cited Judge WASHINGTON intimates, that, where by the
practice the plaintiff furnishes the defendant with a copy of his
account before he pleads, the defendant may there plead in abate-
ment.   In the 4 Vt. Judge PHELPS assigns as a reason why the

matter may be shown on trial before the auditor, that the plain-
tiff in book account is not bound by his oyer. It is otherwise as
to specifications in assumpsit.

By the act No. 7 of 1851 it is provided, that if it shall appear
at any time before final judgment in actions on contract, that any
other person should have been joined as a defendant, the action
shall not be abated or defeated ; but the court may continue the
case on proper terms, and summon in the party who ought to
have been joined. This act secures fully the defendant's rights,
and makes pleas in abatement nugatory as to defeating the
action.

It is to be noted in this case that the defendant did not ask to
have the case continued and the other parties summoned in ; but
insisted that the plaintiff could not recover against these defend-
ants alone. He claimed a judgment, just as before the statute
he would have been entitled to one, had he pleaded in abatement
and proved the facts alleged in his plea. To have allowed this
would have been to extend to him a greater privilege than he
could have claimed under a plea in abatement. By omitting to
plead the non-joinder, and by not moving to have the case con-
tinued and the other partners summoned in, he waived his objec-
tion on that ground.

It is further urged on behalf of the defendants that if a speci-
fication had been filed, it might have shown claims on which the
defendants here joined were liable, and other claims on which
these defendants and the parties omitted were jointly liable,—
that in such case a plea of abatement would be useless, as it
would not answer the whole declaration, and therefore that in
such a case the plaintiff would be remediless if he could not
show the facts under the general issue. It is obvious that this
is an objection which in the case supposed, and prior to the act
of 1851, presented a serious difficulty. It is one of the reasons
assigned by the court in *Loomis* v. *Barrett*, why the non-joinder
of a defendant might be shown in book account before the auditor.
In the present cause it suffices to say that the supposed case does
not exist. The plaintiff's claim is for a simple item—a note for

$100. The objection in any case would seem to be obviated by the act of 1851;—for as there ought in the progress of a suit to be a period in which every defence can be alleged and proved, we can hardly suppose that a court would refuse to allow the defendant to show the fact on trial and move to have the absent parties summoned in, when there was no other mode by which the facts could be made available.

The court submitted the question of Wright's authority as agent for the defendants to borrow money, to the jury, upon the proofs. The only question before us on this point is, did the testimony tend to prove such authority?

The facts proved were—that the defendants had but little capital and were obliged in order to carry on business, to borrow money; that they did borrow money; that their business was carried on by Wright as agent; that by the nature of their association the partners were not to act in the business of the company, except at regular meetings; that the directors had a supervisory power, but that Wright was the general agent and active manager of their business; that he borrowed money and gave notes therefor without consulting the directors, and that this was well known to the directors and authorized by them. When to these facts we add that there is no provision in their articles of association restricting the directors or the agent from so borrowing money for the business of the company—it would seem that the evidence not only *tended* to prove, but might well have been considered by the jury as plenary proof of the fact in question.

The defendants appear to have uniformly used before the world the name by which they were sued, and in giving notes to have used the form of abbreviation by which this note was signed. Under the general counts there could be no question of variance.

Judgment affirmed.