## DAVID CONRAD *vs.* NATHANIEL ABBOTT.

Essex.   Nov. 2, 1881. — March 2, 1882.   MORTON, C. J., W. ALLEN &
C. ALLEN, JJ., absent.

A promise by a husband to pay for necessaries which have been furnished to his wife upon his credit, if they are such as he is bound to supply her with, although accompanied by a direction to sell no more goods to her on his credit, amounts to a ratification of her contract, upon which an action may be maintained, even if she had no previous authority to purchase them.

DEVENS, J.   The plaintiff sought to maintain this action, not only upon the ground that the wife acted as agent and by authority of her husband in the purchase of the goods, the price of which is sued for in this action, but also upon the ground that the defendant had ratified and adopted the act of his wife.

There was evidence that the plaintiff showed the bill in suit to the defendant, who promised to pay it, but directed the plaintiff not to sell more goods to his wife on his credit, and asked the plaintiff not to say anything to his wife about his doing so, or to any other person.   Upon this evidence, the plaintiff requested a ruling that the promise made by the defendant to pay the bill contracted by his wife was a ratification of her authority and

an adoption of her acts which would render him answerable. The court gave the instruction with this qualification : " that such promise, if made, was not necessarily a ratification or adoption of her acts, but was evidence for the jury to consider bearing on the question whether or not he had in fact given her such authority, and that they were to consider the whole conversation during which this promise was made." As thus qualified, the effect of the instruction was to treat a promise to pay, made by the defendant after necessaries were furnished his wife, only as evidence bearing upon the question of her previous authority to obtain them, and to limit its effect to this. But it was more ; it tended to establish a liability independent of any such previous authority.

The goods, the price of which is sued for, are treated in all the instructions as such as would be found by the jury to be necessaries with which the husband was bound to supply her; and a promise by the husband to pay for them, even if accompanied by a direction to sell no more goods to her on his credit, would be a ratification of her contract, even if she had not previous authority to purchase them. The act of one assuming to be an agent, but done without authority, may be ratified, and in such case the liability of the principal arises from the ratification. *Clement* v. *Jones*, 12 Mass. 60. *Pratt* v. *Putnam*, 13 Mass. 361. *Fisher* v. *Willard*, 13 Mass. 379. *Emerson* v. *Newbury*, 13 Pick. 377. *Shaw* v. *Nudd*, 8 Pick. 9. *Hewes* v. *Parkman*, 20 Pick. 90.

The principle expressed by the maxim, *omnis ratihabitio retrotrahitur et mandato æquiparatur*, is so established that it was doubtless an inadvertence on the part of the learned judge who presided in failing to observe that something more than the instruction as given was and properly might be asked upon the evidence. This error may well have induced the jury to believe that they could only find for the plaintiff by reason of a previous authority given to the wife by the husband.

*Exceptions sustained.*

*C. Sewall*, for the plaintiff.
*H. P. Moulton*, for the defendant.