SHUMAN, Respondent, vs. STEINEL, Appellant.

*September 17—October 9, 1906.*

*Husband and wife: Necessaries: Contracts made by wife: Ratification: Agency: Pleading: Variance: Court and jury.*

1. A set of "Stoddard's Lectures" is *held* not to have been necessaries for which, if purchased by the wife on the husband's credit, he was bound to pay.
2. When a wife contracts an indebtedness on her own credit, the mere promise of the husband to pay it stands upon the same footing as any other promise without consideration to pay the debt of another. The act of the wife in such a case is not capable of ratification.
3. But if a wife, assuming to act as her husband's agent, contracts an indebtedness and he subsequently, with knowledge of the facts, adopts her act as his own by promising to pay the debt, or by accepting the benefit of the transaction, or in any other way, he thereby becomes liable for the debt.
4. So, if a wife, assuming to act as her husband's agent, signed his

name to an agreement to take and pay for a set of books and he afterwards adopted her act, the contract became his from the beginning; and proof of such facts did not constitute a variance from a complaint alleging that the husband contracted for the books.

5. Evidence that in such a case the husband stated that if his wife ordered the books he would pay for them at the rate of about $10 per month, and that the vendor's representative assented to such condition of payment, was sufficient to take the question of ratification to the jury.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

Action to recover on alleged contract liability. The complaint was to the effect that October 15, 1902, defendant contracted in writing to take of the plaintiff a set of "Stoddard's Lectures" and pay therefor $36; that plaintiff fully performed his part under such contract but that defendant refused to pay for the property.

Defendant answered denying that he agreed to purchase or that he received the property mentioned. The signature to the contract was duly put in issue so as to cast on plaintiff the burden of proof as to whether it was that of the defendant. The evidence was undisputed that the paper was made by defendant's wife, she using his or her own name. There was some testimony tending to show that she signed her own name to the paper and that it was subsequently changed by an erasure of the letter "s" from "Mrs." There was no evidence that the contract was made for the benefit of the defendant or that his wife pretended to act by his authority, or as his agent, in making it, except as indicated by evidence tending to show that she signed his name. There was an indorsement on the paper by the person who acted on behalf of plaintiff, as follows:

"Report of agent on *subscriber:*
"Name: *Mr. B. F. Steinel.*
"Age: Twenty-seven years.
"Occupation: Mil. Sptg. Review Pub. Co.

"Married.

"Reputation for paying debts: Good.

"Other information:

"The subscriber is reliable and trustworthy, and I hereby certify that this agreement contains all the conditions made between me and the subscriber, and that his signature is genuine.                                    J. L. DAY, JR., Solicitor."

The evidence further tended to show that defendant's wife received the books; that some time thereafter when his attention was called to the matter he said that if she ordered them he would pay for them, and that subsequently he declined to do so and offered to return the property.

After the testimony was closed defendant's counsel asked leave to introduce further evidence as to the signature having been changed, and asked to have the question submitted to the jury as to whether the credit was given to the wife and the contract signed in her name. The court ruled that the property purchased was not of the class called necessaries; that it made no difference how the contract was signed or whether there was any contract at all; that the paper did not cut any figure, except that it fixed the price of the property, and that if defendant's wife ordered the goods and received them and he subsequently promised to pay therefor he was liable. Accordingly a question covering those matters only was submitted to the jury, and was answered in the affirmative. Both sides then moved for judgment upon the verdict and the minutes of the court and the evidence. Plaintiff's motion was granted and the defendant's denied.

For the appellant there was a brief by *Edward J. Yockey*, attorney, and *James F. Trottman*, of counsel, and oral argument by *Mr. Trottman*.

For the respondent there was a brief by *Carroll & Carroll*, and oral argument by *George J. Carroll*.

MARSHALL, J. The assignments of error urged by appellant may be stated thus: 1. The court should have granted a nonsuit on appellant's motion because the complaint was on

·contract charging him with being the maker thereof, while the proof showed that the contract was made by his wife and that he did not subsequently ratify the same.  2. The contract was that of appellant's wife and so he was not liable without an express promise to pay, based on a new and independent consideration.  3. The contract was shown to be void because altered fraudulently in a material part.  4. The court refused to submit to the jury the question of whether appellant's wife signed the contract and the credit was given to her.  5. There was no proof that appellant promised to pay for the property.  These various propositions we will not discuss in detail, but treat the case in a somewhat general way.

We can make little or no headway in determining whether the facts found by the jury are sufficient to render appellant liable by reviewing such authorities as *Day v. Burnham,* 36 Vt. 37; *Conrad v. Abbott,* 132 Mass. 330; and *Allen v. Aldrich,* 29 N. H. 63, cited to our attention by counsel for respondent.  They are all cases where the wife purchased necessaries on her husband's credit.  Here it was properly held that the property purchased was not necessaries, and the ·question of whether the purchase was made on the credit of the husband or on the credit of the wife was held by the learned court to be immaterial.  The subject dealt with in *Conrad v. Abbott, supra,* is well indicated in the following language of the syllabus:

"A promise by a husband to pay for necessaries which have been furnished to his wife upon his credit, if they are such as he is bound to supply her with, . . . amounts to a ratification of her contract, upon which an action may be maintained, even if she had no previous authority to purchase them."

The decision went upon the ground, which all such do, that the wife in making the purchase was presumed to assume authority to act for her husband.  The court said:

"The act of one assuming to be an agent, but done without authority, may be ratified, and in such case the liability of the principal arises upon the ratification."

Cases cited by respondent to support the contention that the mere promise of the husband to pay for goods, not necessaries, purchased by the wife on her own credit makes him liable do not so hold. They all proceed upon the theory of ratification of the act of the wife assuming to act for her husband. Of course, in case of necessaries the element of assumed agency is much more readily proved than in case of other property. When a wife contracts an indebtedness on her own credit, then the mere promise of the husband to pay it is of no greater dignity than any promise without consideration to answer for the debt of another. That is elementary. It must be assumed that the trial court so understood the law and held appellant liable under the doctrine of ratification, upon the theory that it applied to the circumstances of the case though they only included the elements of ordering the goods by the wife, receiving the same by her, and promise by appellant to pay therefor; that the elements of whether she assumed to act as agent in the matter or ordered the goods on her own credit were immaterial.

As to the importance of the omitted elements, in Mechem on Agency at § 127, the rule is stated thus:

"The act ratified must also have been done by the assumed agent as agent and in behalf of the principal. If the act was done by him as principal and on his own account, it cannot thus be ratified."

The judicial authorities are in harmony therewith. In *Meiners v. Munson,* 53 Ind. 138, cited by appellant, we have a good example. There the court said:

"The rule of law is, that a ratification can only be effectual between the parties, when the act is done by the agent avowedly for or on account of the principal, and not when it is done for or on account of the agent himself, or of some third person."

And further, citing from Chitty on Contracts (11th Am. ed.) 293:

"But where the party making the contract had no authority to contract for the third person, and did not *profess,* at.

the time, to act for him, it seems that the subsequent assent of such third party, to be bound as principal, has no operation."

And further, citing from 1 Parsons on Contracts (6th ed.) 346, where the author was speaking of a situation similar to that before us,

"We may add that such a case would perhaps fall within the rule, that no act is capable of ratification by the principal which was not performed by the agent *as agent,* and in behalf of the principal."

To the same effect are *Saltmarsh v. Candia,* 51 N. H. 71, 76; *Wilson v. Hayes,* 40 Minn. 531, 42 N. W. 467; *Mitchell v. Minnesota F. Asso.* 48 Minn. 278, 51 N. W. 608; *Schreyer v. Turner F. Co.* 29 Oreg. 1, 43 Pac. 719; *Minnich v. Darling,* 8 Ind. App. 539, 36 N. E. 173.

The argument advanced that appellant could not become liable in the absence of an express promise, based on a new and independent consideration, in any event, is answered by the rule that the liability of one who ratifies as principal the unauthorized act of another, who assumed to contract in his behalf, goes upon the ground of adoption of the unauthorized act, and therefore requires no consideration. So, if appellant's wife, assuming to act as his agent, ordered the books from respondent and received them, and he subsequently, with knowledge of the facts, adopted her act as his own by promising to pay for the property, or by accepting the benefit of the transaction, or in any other way, he thereby became liable for the indebtedness.

From the foregoing it seems plain that the question of whether appellant's wife signed his name to the contract, and the one as to whether she assumed to act for him, were material on the question of his liability. There was some evidence that she signed her own name to the paper, and we must assume that other evidence on that line, which appellant asked leave to present after both sides had rested, would have been offered and received had the court not held that, if she

signed her own name and the credit was given to her, the promise by her husband to pay the debt made it his obligation; since the rejection of the offer of additional evidence was placed on the ground of immateriality.

What has been said seems to govern all the questions raised which need attention. The motion for a nonsuit upon the ground that the signature of the appellant was put in issue and no proof was produced to show that he did sign the paper, but on the contrary the evidence was to the effect that his wife signed her own name thereto and that subsequently the signature was fraudulently changed, was properly overruled because, as to whether the signature was changed, the evidence was in conflict, and as to whether the signature should be regarded as appellant's turned on the question of ratification. If the wife signed appellant's name, assuming to act as his agent, and he afterwards adopted her act, the contract became, in legal effect, his from the beginning and was enforceable as such. It follows that the claim that a recovery based on ratification was a departure from the one set forth in the complaint cannot be approved.

The claim that, assuming for the purposes of the case the circumstances were such that a promise on the part of appellant to pay for the books would have ratified the act of the wife as his, there was no proof of such a promise, the court properly ruled in respondent's favor. The testimony was to the effect that appellant's statement, that if his wife ordered the goods he would pay for them at the rate of about $10 a month, was assented to, as the jury were warranted in concluding. The person who represented plaintiff testified that he said to appellant he thought the condition of payment suggested would do, and in subsequent communications in respect to the matter there was no change as to such assent.

So the case comes down to this: The trial court erred in not submitting to the jury in some proper way whether appellant's wife assumed to act as agent for her husband or

signed her own name and the credit was given to her.   If she
signed her name to the paper and did not assume to act as
agent for her husband, as before indicated, there could be no
ratification, and, under the circumstances of the case, no lia-
bility on the part of appellant created by his mere promise
to pay for the goods.

*By the Court.*—The judgment is reversed, and the cause
remanded for a new trial.