GIMBEL BROTHERS, Appellant, vs. ADAMS, Respondent.

*October 12—November 8, 1922.*

*Husband and wife: Wife living apart from husband: Liability of husband for necessaries of wife: Purchases for child living with husband: Ratification.*

1. A husband whose wife is living apart from him without his consent and not because of his fault is not liable for articles of wearing apparel purchased by her.
2. Where a husband, living apart from his wife and having custody of their minor child, retained articles of clothing known by him to have been purchased by the wife for the child and charged to him, he is benefited whether the articles are necessaries or not, and is liable for their purchase price.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Modified and reversed.*

The defendant and Viola Adams were married in 1908 and thereafter lived together as husband and wife. A daughter was born to them, and a minor son of defendant by a former marriage also lived with them. In July, 1916, they separated and by mutual consent stored their household furniture, Mrs. Adams with the two children moving to another part of Milwaukee and defendant going East on a business trip for his employer, Case Company of Racine, and which employment required his being away from home at times and at which he earned about $3,200 per year. Mrs. Adams with the two children afterwards went to Chicago and she there found employment in a dentist's office and was assisted by her father and brother.

Some correspondence was kept up between the two and they met in Chicago, and there, at defendant's request, the two children were given over to him and his mother, then living in Racine, for care.

Later Mrs. Adams came to Raeine, took the little girl with her to Milwaukee, and there, under date of September 18, 19, 20, and 21, 1916, made purchases aggregating $139.37, and on the 21st had charged $3.50 for the storage of furs, making a total of $142.87. Of this, items aggregating $40.90 were for the child, the balance for Mrs. Adams.

Mrs. Adams wrote to defendant immediately after this with reference to such purchases, in effect stating that her purchase was made upon her false statement to plaintiff that she and defendant had made up again and that he had sent her to open a charge account. Again, and on September 27, 1916, defendant wrote to plaintiff as follows:

"I understand that goods have been bought under my name. Is this true? If so, send me at once an itemized bill. When I made the last payment on my other unfortunate bill, I told one of your credit men to close the account for good and give no credit in my name. If this has not been done, do so at once. I am not responsible hereafter for any bills except on my own order."

Defendant had in the preceding June made final payment on a bill then owing plaintiff.

Plaintiff sues here for the full amount of the claim. Defendant denied liability entirely, asserting that at the time of the purchases they were obtained by his wife without his knowledge or consent and while the two were living apart and that she had deserted him and that the articles were not necessaries. The case was tried in the municipal court of Racine county and judgment granted for plaintiff. Upon appeal to the circuit court a jury was waived and the case tried by the court.

The material findings were that at the time mentioned in

the complaint the defendant's wife had, on July 3, 1916, wilfully deserted the defendant and had not been residing with him since; that the goods sold to Mrs. Adams were sold without the knowledge or consent of the defendant and at times when she was not cohabiting with her husband; that such sale by plaintiff was made without ascertaining whether Mrs. Adams was residing with her husband or that the purchases were made with his knowledge; and that the sale and delivery to Mrs. Adams was contrary to a notification given by defendant to plaintiff in July, 1916, to make no further sale or delivery of goods to Mrs. Adams upon his credit; that the goods delivered were articles of wearing apparel for Mrs. Adams and their daughter, then of the age of eight years, but that such goods so delivered were not necessaries for either Mrs. Adams or said child and that both Mrs. Adams and the child then had sufficient wearing apparel having regard to her mode of life and defendant's financial ability.

The court concluded that the defendant was entitled to judgment dismissing the complaint with costs. From such judgment the plaintiff appeals.

For the appellant there was a brief by *Simmons & Walker* of Racine and *Fred Smith* of Chicago, and oral argument by *C. O. Bergener* of Racine.

For the respondent there was a brief by *John H. Liegler*, attorney, and *Leonard P. Baumblatt*, of counsel, both of Racine, and oral argument by *Mr. Liegler*.

ESCHWEILER, J. At the time of the purchase by Mrs. Adams in September, 1916, she and the defendant were not then living together, she having taken up her abode and earning her own living in Chicago, having left Milwaukee, their former home. This the court finds was without the consent and not by the fault of defendant. There is support in the evidence for the findings of the court so far as the purchases in question here were for Mrs. Adams' own

use, and his conclusion in that regard that the defendant ought not to be held chargeable for the same cannot be disturbed. Plaintiff failed to meet the burden placed upon it, where such a relationship as was here presented appears, in order to establish a legal liability on defendant's part. *Morgenroth v. Spencer,* 124 Wis. 564, 566, 102 N. W. 1086; *Sturtevant v. Starin,* 19 Wis. 268.

For so much of the bill representing items aggregating $40.90 which were purchases made by Mrs. Adams for their eight-year-old daughter the situation is quite different. Though the child in the summer of 1916 took quite a supply of clothing with her when she left her mother to go to her father, yet the articles purchased by Mrs. Adams of the plaintiff were nevertheless kept and retained by defendant. For a period of about two years following September, 1916, he was not required to spend any money at all for clothing for this child. However unauthorized in the first instance the purchase by Mrs. Adams of the articles for the child from the plaintiff may have been, the defendant, with notice of such purchase and of such alleged agency by his wife, kept and retained possession of the articles so purchased by her, and he, not she, benefited by such purchase. He accepted and retained the articles purchased for the child, whose custody and control he also had. Whether such articles were such as could be classed as necessaries is entirely immaterial. He must be held to have ratified the purchase of such articles, and to that extent ought not and will not be heard to repudiate the transaction. *Shuman v. Steinel,* 129 Wis. 422, 425, 109 N. W. 74; *Francis H. Leggett & Co. v. West Salem C. Co.* 155 Wis. 462, 468, 144 N. W. 969; *Gnat v. Westchester F. Ins. Co.* 167 Wis. 274, 277, 167 N. W. 250; 3 Page, Contracts (2d ed.) §§ 1764, 1765.

*By the Court.*—Judgment reversed, with directions to enter judgment in plaintiff's favor for $40.90, together with interest and costs.