The Millville Mutual Fire Ins. Co. *versus* Wilgus.

City Fire Ins. Co. *versus* Same.

Ben Franklin Fire Ins. Co. *versus* Same.

Kenton Fire Ins. Co. *versus* Same.

W. purchased a property sold by an administrator under an order of the Orphans' Court, the conditions of which sale were, that W. should pay one-half the purchase-money on the confirmation of the sale, and the balance in one year thereafter. W. immediately took possession of the property, made improvements and upon the confirmation of the sale paid the one-half of the purchase-money. Shortly thereafter, and before the payment of the balance he became insured in several companies, the policies of which required that if the interest of the assured be any other than the entire, unconditional and sole ownership for the use and benefit of the assured, it must be so represented to the company and expressed in the policy, otherwise the same should be void. W. brought actions to recover his insurance. *Held*, that his title though an equitable one vested in him the entire, unconditional and sole ownership, subject to the payment of the balance of purchase-money, and that he could recover.

November 14th 1878. Before SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. AGNEW, C. J., and WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1878, Nos. 62½, 110, 111, 112.

These were actions of assumpsit brought by T. B. Wilgus against the Millville Mutual Fire Insurance Company, the City Insurance Company of Pittsburgh, the Ben Franklin Insurance Company of Pittsburgh, and the Kenton Insurance Company of Kentucky, respectively, on policies of insurance. The first case was tried before Stowe, P. J., in January 1878, and the other three together before Bailey, J., in March 1878, and the four cases were argued together in the Supreme Court.

At the trial it appeared that on February 12th 1876, the administrators of E. Toynbee, deceased, sold, by order of the Orphans' Court of Fayette county, certain real estate of said deceased, known as the Toynbee distillery, situated in Fayette county. Wilgus became the purchaser at the sum of $6000, one-half of which was to be paid upon the confirmation of the sale, and the balance one

year thereafter, with interest.    Upon the day of the sale the admin-
istrators delivered possession of the property to Wilgus, who pro-
ceeded to make improvements thereon.    On March 6th 1876, the
one-half of the purchase-money was paid, and the sale confirmed.
Between March 9th 1876 and June 1st 1876, the defendant insured
the property to the amount of $23,500, in different companies.
Among the policies was one dated May 1st 1876, issued by the
Millville Insurance Company, for $2500, and four issued respect-
ively by the defendant companies, each for $1410.    All of these
policies contained the following condition :

"If the interest of the assured in the property be any other than
the entire, unconditional and sole ownership of the property, for the
use and benefit of the assured, or if the building insured stands on
leased ground, it must be so represented to the company, and so
expressed in the written part of this policy, otherwise the policy
shall be void."

There was no expression in the policy as to the character of the
interest Wilgus had in the property, and there was no evidence to
show that he gave the companies any information in regard thereto
other than the fact that when he applied to the agent for the
insurance he was asked by the latter if he owned the property in
fee, and he replied that he did, but that subsequently, in a letter to
the agent, on June 10th he said, "When I got the policies on the
dwelling-house, I told you I owned it in fee-simple, not knowing the
exact meaning of the term, which I believe is without encumbrance
of any kind.   I owe $3000, payable one year from April, being
the last payment on all the property."

The agent, however, testified that he never received such a
letter.

On the night of June 22d 1876, the property was destroyed by
fire, and upon the refusal of these companies defendants to pay
the insurance, these actions were brought.

The plaintiff's first point was as follows, which the court, Stowe,
P. J., affirmed :

"If the jury believe that the plaintiff in February 1876, pur-
chased the property at Orphans' Court sale, as shown by certified
copies of the records of the Orphans' Court of Fayette county ; that
the sale was confirmed by that court ; that plaintiff paid one-half
of the purchase-money and. became bound for the payment of the
balance of the purchase-money, and that plaintiff entered into occu-
pation of the property in pursuance of the purchase, and made val-
uable improvements on the same, and that neither the said Orphans'
Court, the heirs of Toynbee, or the administrators raised any objec-
tions to the sale to plaintiff, but permitted the said occupation and
improvements ; then the plaintiff became the equitable owner of the
entire property and had an insurable interest therein, and any loss
to the buildings subsequent thereto was his loss."

[Millville Mutual Fire Ins. Co. v. Wilgus.]

The second and third points of defendant were as follows:

2. That the interest of Wilgus in the property described in the policies sued on, at the time he procured them, as disclosed by the record in evidence, was not the entire, unconditional and sole ownership thereof, within the meaning of the fourth clause of the conditions of said policies; and the true nature and character of his ownership not being expressed in the written part of said policies, as required by the express terms thereof, the policies are void and the plaintiff cannot recover.

3. That the true nature or character of the plaintiff's ownership in the property described in the policies, is a fact material to the risk; and if the jury believe from the evidence that the plaintiff did not disclose the true nature thereof and have it truly stated in the policies, as required by the first clause of the conditions thereof, the policies are void and the plaintiff cannot recover.

To which the court answered:

"Refused. It is true that the general principle enunciated in these points is correct, but we think, under the evidence in this case as to the representation of plaintiff in regard to title and interest and the actual title and interest he owned, the principle is not applicable to the facts of this case, and does not, therefore, bar his right of action in this case."

Verdict and judgment against all the companies, who took these writs and, inter alia, assigned for error the answers to the above points.

*Weir & Gibson, G. L. B. Fetterman* and *W. G. Guiler,* for plaintiffs in error.—The question is, was Wilgus the entire unconditional and sole owner of the property for the use and benefit of the assured, within the meaning of the provision of the policies at the time he effected the insurance? He had an equitable estate in the property to the extent of the purchase-money paid. That this was an insurable interest is not denied. But that he was the entire unconditional and sole owner for the use and benefit of the assured, is denied upon principle as well as upon authority: Security Ins. Co. v. Bronger, 6 W. P. D. Bush 146; Farmers' and Drovers' Ins. Co. v. Curry, 13 Id. 312; Rohbach v. Germania Ins. Co., 62 N. Y. 47; Reaper City Ins. Co. v. Brennan, 58 Ill. 159; Clay Fire and Marine Ins. Co. v. Huron Salt and Lumbering Manufacturing Co., 31 Mich. 346; Hinman v. Hartford Fire Ins. Co., 36 Wis. 159; Columbia Ins. Co. v. Lawrence, 2 Peters 25; Reynolds v. State Mutual Ins. Co., 2 Grant 326; Jenkins v. Quincy Mutual Fire Ins. Co., 7 Gray 370; Leathers v. Farmers' Mutual Fire Ins. Co., 4 Foster 259; Tyler v. Ætna Ins. Co., 12 Wend. 507; Same Case, 16 Id. 385; Hayward v. N. E. Mutual Ins. Co., 10 Cush. 444; Birmingham v. Empire Ins. Co., 42 Barb. 457; Marshall v. Columbia Ins. Co., 7 Foster

[Millville Mutual Fire Ins. Co. v. Wilgus.]

169; Kibbe v. Hamilton Ins. Co., 11 Gray 163; Falis v. Conway Ins. Co., 7 Allen 46; Phillips v. Knox Ins. Co., 20 Ohio 174.

*Knox & Reed*, D. T. *Watson* and J. G. *Wood*, for defendants in error.—Concerning the nature or character of Wilgus's interest, there is no question between him and the plaintiffs. It is conceded that whatever may have been its extent, whether in the whole property or only to the amount of purchase-money actually paid at the time of insuring, that his interest therein was an equitable and consequently an insurable one: Siter, Jones & Co's Appeal, 2 Casey 180; 2 Story's Eq., ss. 789, 790, 1212; Stevens's Appeal, 8 W. & S. 186; Kerr v. Day, 2 Harris 112; Robb v. Mann, 1 Jones 300; Reed v. Lukens, 8 Wright 202; Ins. Co. v. Updegraff, 9 Harris 519.

The interest of Wilgus was the entire unconditional and sole ownership for his use and benefit within the meaning of the condition of the policies: Merrill v. Agricultural Ins. Co., 6 Reporter 237; Northampton v. Smith, 11 Metcalf 390; Ætna Ins. Co. v. Tyler, 16 Wend. 385; Strong v. Ins. Co., 10 Pick. 40; Tyler v. Ins. Co., 12 Wend. 507; Lorrillard Ins. Co. v. McCulloch, 26 Ohio 52; Coursin v. Ins. Co., 10 Wright 328; Gaylord v. Ins. Co., 40 Mo. 13; Becknall v. Ins. Co., 58 N. Y. 677; Wood on Ins. 477; May on Ins., sect. 76; Hough v. Ins. Co., 29 Conn. 10.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 6th 1879.

These cases all involve the same principle, and were argued together. The plaintiff below had purchased the premises upon which these insurances were effected, at an Orphans' Court sale, the terms of which were one-half cash, and the other half in one year. He made the first payment, and before the year expired the loss occurred. The condition of the policies relied on to avoid them, was, "that if the interest of the assured in the property, be any other than the entire unconditional and sole ownership of the property for the use and benefit of the assured," it must be so represented and expressed. The plaintiff's title was an equitable one, but it nevertheless vested in him the entire unconditional and sole ownership, subject to the payment of the balance of the purchase-money. This balance was practically an encumbrance. It is true the legal title was in the vendors, but they could use it only to enforce the payment of the price agreed upon. In this respect it is exactly the case of a mortgage which vests the legal title in the mortgagee for the same purpose. Had the property been swallowed up by an earthquake, the entire loss would have fallen on the plaintiff. In Reynolds v. The State Mutual Ins. Co., 2 Grant's Cases 329, there was a representation that the property was not encum-

[Millville Mutual Fire Ins. Co. v. Wilgus.]

bered. The language of the opinion indeed favors the idea that an equitable owner cannot insure beyond the purchase-money paid. Yet, Mr. Justice BLACK adds: "If we regard the difference between a legal and an equitable title as totally immaterial (and perhaps we ought so to regard it) then the unpaid balance of the purchase-money must be treated as an encumbrance." It is clear, that if the owner could not insure beyond the purchase-money paid —he would be often entirely without indemnity. He is personally liable for the balance of the purchase—he may have made expensive improvements, or the property may have greatly appreciated. It is very easy for the insurance company, by proper questions, to draw out the exact nature of the title of the insured. In the cases before us, no inquiry was made as to encumbrances. According to the law of Pennsylvania, the insured had a right to consider himself as the entire unconditional and sole owner. There is nothing in the remaining assignments requiring notice.

Judgment affirmed.