# Spratt, Appellant, *v.* Greenfield et al.

*Vendor and vendee—Injury by fire to property after sale—Insurance money—Specific performance—Equity.*

1. The vendee in articles for the sale of real estate must bear any loss occasioned to the property occurring after execution of the contract and before delivery of the deed, because, unless provided to the contrary, the purchaser to all intents and purposes becomes the owner of the land, the vendor retaining title merely as trustee to secure payment of the unpaid purchase money.

2. Where, after the execution of a contract for sale of real estate, and before date of settlement, a fire causes a loss to the premises, the vendee may have the right to demand that the insurance money be transferred to him when collected, but if he fails to demand such assignment, he cannot allege a neglect to make such assignment a ground for refusing to carry out the contract to purchase the real estate.

Argued January 9, 1924.   Appeal, No. 89, Jan. T., 1924, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1923, No. 3762, dismissing bill in equity, in case of Wallace R. Spratt v. Albert M. Greenfield et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for specific performance.   Before SHOEMAKER, P. J., BARTLETT and McDEVITT, JJ.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

C. M. Butterworth, Jr., of *Newbourg & Butterworth*, for appellant.—The vendee was entitled to a credit for the fire loss in the amount of insurance collected, or to be collected by vendors, or to an adjustment in connection therewith: Reed v. Lukens, 44 Pa. 200; Hill v. Cumberland Val. Protection Co., 59 Pa. 474.

*Morris Wolf,* with him *John M. Patterson, Gordon A. Block* and *Henry W. Schorr,* for appellees, cited: Anania v. Serenta, 275 Pa. 474; Ives v. Cress, 5 Pa. 118; Morgan v. Scott, 26 Pa. 51; Richter v. Selin, 8 S. & R. 425; State Mut. F. Ins. Co. v. Updegraff, 21 Pa. 513.

PER CURIAM, February 18, 1924:

The court below sustained a demurrer to plaintiff's bill for a decree for specific performance of a contract for the sale of real estate and dismissed the bill. On January 12, 1922, defendants agreed to sell and convey to plaintiff the premises No. 1821 Market Street, Philadelphia, for the sum of $65,000; $2,500 being paid as hand money, settlement to be made March 10, 1922. On the latter date plaintiff paid an additional sum of $2,500 on account of the consideration and thereupon the time fixed for settlement was extended to May 9, 1922. Time to be of the essence of the agreement. On April 8, 1922, a portion of the premises was damaged by fire. On May 9th, settlement was not made and the contract not consummated owing to a dispute between the parties concerning the application of funds received or to be received from insurance due as a result of the fire. Plaintiff claimed a credit on the purchase price to the extent insurance should be paid. No insurance had been paid at that time and defendant's representative declined to enter into any agreement with regard to such payments that might thereafter be received. On May 13, 1922, Greenfield & Company, by letter, notified plaintiff that, owing to his failure to comply with the terms of the agreement, he had, under its terms, forfeited the amounts paid on account of the purchase price and that the contract had become void. The bill in this case was not filed until March 27, 1923, ten months after the time fixed for settlement. The court below was not in error in dismissing the bill.

The general rule in cases of this character is that the purchaser must bear any loss occasioned to the property occurring after execution of the contract and before

delivery of the deed, because, unless provided to the contrary, the purchaser to all intents and purposes becomes the owner of the land; the vendor retaining title merely as trustee to secure payment of the unpaid purchase money. This rule has been followed in an unbroken line of cases down to the present day. In Hess v. Vinton Colliery Co., 255 Pa. 78, the rule was adhered to and the following extract cited from the opinion. in Richter v. Selin, 8 S. & R. 425, 440: "When a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate sold, and the purchaser as a trustee for the vendor for the purchase money. So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance, and he will be entitled to any benefit which may accrue to it in the interval, because by the contract he is owner of the premises to every intent and purpose in equity." See also Bauer v. Hill, 267 Pa. 559; Anania v. Serenta, 275 Pa. 474, to the same effect.

We deem it unnecessary to consider whether or not appellant would ultimately be entitled to insurance collectible by reason of the destruction by fire of part of the premises. Insurance for such damage had not been collected at the time fixed for settlement and appellee was not obliged to extend the time because of this fact. The utmost to which appellant was entitled at the time was to have transferred to him the right to receive the insurance money when paid. Such assignment, however, he failed to ask for but chose to appeal for postponement of settlement because of appellee's refusal to allow in advance a credit for the insurance fund.

Whether, under the circumstances of this case, the provision of the contract applying to forfeiture of the hand money was a penalty, notwithstanding the agreement that it should be considered as liquidated damages, is not properly before us and we express no opinion on that question.

Decree affirmed at costs of appellant.