PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES et al. v. PHILADELPHIA INQUIRER CO.

Circuit Court of Appeals, Third Circuit. March 5, 1928.

No. 3709.

1. **Landlord and tenant** ⬤⟹81(2)—**On consolidation of lessee and owner of fee terminating lease, mortgagee of leasehold held not entitled, under after-acquired property clause, to enforce lien against leased property which owner of fee had previously agreed to sell.**

Mortgagee of leasehold under mortgage containing after-acquired property clause *held* not entitled, on consolidation of lessee and owner of fee to terminate lease, to enforce lien of mortgage against leased property which owner of fee had previously agreed to sell, where purchaser's first proven knowledge of mortgage was after contract to purchase and before consolidation, since purchaser under Pennsylvania law obtained complete equitable title at time sale contract was signed, subject only to vendor's right to receive balance of purchase money.

2. **Courts** ⬤⟹367(3)—**Questions relating to title to land are determined by law of state where land is situated.**

Where real estate owned by Delaware corporations is located in Pennsylvania, all questions relating to its title in general and to equitable estate acquired by contract of purchase in particular are determined by law of Pennsylvania.

3. **Courts** ⬤⟹367(3)—**In determining questions relative to title to land, federal courts must follow rules of courts of state where land is situated.**

In determining questions relating to title to land and particularly to equitable estate acquired by contract of purchase, federal court must follow rules established by highest court of state in which land is situated.

4. **Appeal and error** ⬤⟹984(2)—**Reference** ⬤⟹76(1)—**Fixation and allowance of master's compensation is within trial court's discretion.**

Fixation and allowance of compensation for master is within discretion of trial judge, whose determination will not be disturbed in absence of abuse of such discretion.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; **J.** Whitaker Thompson, Judge.

Suit by the Pennsylvania Company for Insurances on Lives and Granting Annuities and another against the Philadelphia Inquirer Company. Decree for defendant, and plaintiffs appeal. Affirmed.

Francis H. Bohlen, Jr., and Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., and Chapman & Cutler, of Chicago, Ill., for appellants.

Percival H. Granger and Reber, Granger & Montgomery, all of Philadelphia, Pa., for receivers.

Boyd Lee Spahr and Ballard, Spahr, Andrews & Ingersoll, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This suit was instituted in the District Court by a bill to foreclose a mortgage issued to secure corporate bonds. The case arose out of a contract of sale of real property and concerns the claimed lien of the mortgage, containing an after-acquired property clause, on property of a constituent corporation after its consolidation with the mortgagor corporation, and the claim that the lien, if it exists, is good against the property in the hands of the purchaser whose agreement to purchase was entered into prior to the consolidation and whose first proven knowledge of the mortgage was after the contract of purchase and before the consolidation.

The case is more difficult to state than to decide. That is because of corporate devolutions of which the following outline may be sufficient.

(1) Hoopes and Brother, Inc., originally owned the property in question.

(2) Hoopes and Brother, Inc., leased the premises to Hoopes & Townsend Steel Company, referred to throughout the litigation as the "old" Hoopes & Townsend Steel Company. The lease provided, inter alia, that the lessee might mortgage its leasehold interest, subject to the rights of the lessor under the lease, and further the lessor might sell the leased property to the Hoopes and Townsend Company (another corporation) and assign the lease to that company, and that in the event of such a sale and assignment and the further event of a merger of Hoopes and Townsend Company with the old Hoopes & Townsend Steel Company, the lease should ipso facto terminate.

(3) Pursuant to this authority the old Hoopes & Townsend Steel Company executed a mortgage to the Pennsylvania Company for Insurances on Lives and Granting Annuities and George M. Clarke, trustees, the present appellants, covering several properties including the leasehold on the property in question.

(4) Hoopes and Brother, Inc., the lessor, still holding the title to the property, then conveyed the premises to the Hoopes and Townsend Company in fee subject to the lease and also assigned all its interest in the lease to that company.

(5) Hoopes and Townsend Company, then owning the title and standing in the relation of lessor of the premises, entered into a written contract of sale of the premises, clear of liens and encumbrances, to the Philadelphia Inquirer Company, with the lease to the old Hoopes & Townsend Steel Company in force. The purchase price was $190,000 of which $25,000 was paid on account at the time of signing the contract and the balance was payable at the settlement sixty days thereafter.

(6) The deed was executed within that period but was withheld from actual or manual delivery to the purchaser by reason of the outstanding lease which before a title company would pass and guarantee a fee simple unencumbered title had to be gotten rid of.

(7) Hoopes and Townsend Company, still owner and potential lessor of the property, joined with the old Hoopes & Townsend Steel Company, lessee, in an agreement formally canceling and terminating the lease; and the Penn National Bank as trustee under a prior mortgage, thought to be the only lienor, released the premises from the lien of its mortgage.

(8) Doubtless fearing that this was not enough, the Hoopes and Townsend Company and the old Hoopes & Townsend Steel Company then merged by appropriate proceedings of consolidation, the new company bearing the old title of Hoopes & Townsend Steel Company, thereafter called the "new" Hoopes & Townsend Steel Company.

(9) The effect of the consolidation of the corporation which held the title to the premises and stood as lessor with the lessee corporation which had mortgaged the leasehold was, under the express terms of the lease, ipso facto to work its termination.

(10) With the lease out of the way and

believing that all liens had been released, the title company passed the title and delivered to the vendee the vendor's deed which had been previously delivered to it pending the search of the title and the vendee paid the vendor the balance of the purchase price.

The Pennsylvania Company and its co-trustee, the appellants, do not challenge the termination of the lease thus brought about but say that the mortgage given them by the old Hoopes & Townsend Steel Company containing an after-acquired property clause spread on the consolidation of that company with the Hoopes and Townsend Company to the property of the latter company (which includes, inter alia, the property in question) and that in consequence the lien of their mortgage attached to and now rests on the property it had previously contracted to sell and later conveyed to the Philadelphia Inquirer Company, the appellee.

The case was referred to a master who, on facts largely stipulated and otherwise orally proved, discussed and applied the law of after-acquired property clauses and found that the mortgage to the Pennsylvania Company and Clarke does not constitute a valid and subsisting lien on the premises. The District Court, on exceptions, affirmed the report of the master and entered a decree dismissing the bill. Whereupon the plaintiffs took this appeal.

[1] While the law of after-acquired property clauses as they affect the property of constituent companies on consolidation is as the master stated, we recognize enough in the mortgage in suit to raise a question, fairly debatable, whether the peculiar terms of the mortgage take it outside the general law of the subject. Though we incline to the view of the master and the trial court, our opinion is that the whole subject was cut under and displaced by a legal situation which arose before the consolidation and therefore before the after-acquired property clause could operate and that rendered the property in question not capable of being after-acquired and therefore not an object to which the lien of the mortgage could under its after-acquired property clause attach. This is the interest which the appellee-vendee acquired in the property not on final delivery of the deed after consolidation but on entering into the contract of purchase and on making part payment of the purchase price before consolidation. Looking at that interest generally, any court would say it was an equitable estate; but because of different ways courts in different jurisdictions have viewed such estates and the different qualities they have attributed to them, it would hesitate to express an opinion on the precise character of this equitable estate in relation to the rights of the vendor and vendee and to rights of lien creditors without looking at the law of the place where the property is situated.

[2, 3] While the Hoopes and Townsend Company, the old Hoopes & Townsend Steel Company and the consolidated new Hoopes & Townsend Steel Company are all Delaware corporations, the real estate in question is located in Philadelphia and a court would know that all questions relating to its title in general and to the equitable estate acquired by contract of purchase in particular are to be determined by the law of Pennsylvania. But a federal court would also know that it is bound to follow those rules which have been established by the highest court of that state with respect to real property within its borders. De Vaughn v. Hutchison, 165 U. S. 566, 17 S. Ct. 461, 41 L. Ed. 827; Von Baumbach v. Sargent Land Co., 242 U. S. 503, 518, 37 S. Ct. 201, 61 L. Ed. 460; Rosenberger v. McCaughn (C. C. A.) 25 F.(2d) 699.

And so this court looks to the real property law of Pennsylvania for guidance. Fortunately, the courts of that state when defining and measuring an equitable estate acquired by contract of purchase have left nothing in doubt. Indeed, the Pennsylvania law is the broadest and clearest law on the subject that has come to our notice. By a line of decisions extending through a century, it has been uniformly held that on the execution of an agreement of sale, the purchaser becomes vested with a complete equitable title to the property. Richter v. Selin, 8 Serg. & R. 425 (1822). In the most recent case on the subject, that of Spratt v. Greenfield, 279 Pa. 437 (1924) 124 A. 126, the Supreme Court of Pennsylvania defined that estate by saying that:

"The purchaser to all intents and purposes becomes the owner of the land; the vendor retaining title merely as trustee to secure payment of the unpaid purchase money. * * * So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance, and he will be entitled to any benefit which may accrue to it in the interval, because by the contract he is owner of the premises to every intent and purpose in equity."

In the intermediate case of Millville Mu-

tual 'Fire Insurance Co. v. Wilgus, 88 Pa. 107 (1878), the court said:

"The plaintiff's title was an equitable one, but it nevertheless vested in him the entire unconditional and sole ownership, subject to the payment of the balance of the purchase money. This balance was practically an encumbrance. It is true the legal title was in the vendors, but they could use it only to enforce the payment of the price agreed upon."

Pennsylvania courts have consistently applied this principle to a great variety of cases arising under articles of sale. The purchaser has, as always, the right to specific performance. He has an insurable interest in the property on which he can recover in case of fire. Millville Mutual Fire Insurance Co. v. Wilgus, supra. Moreover, the estate of the vendee is not affected by a judgment obtained against the vendor subsequent to the signing of the contract of purchase and prior to the delivery of the deed. Gratz v. Ewalt, 2 Bin. 95 (1809). In such case a levy under the judgment cannot be made on the land but only on the unpaid purchase price which is the vendor's only interest. Fasholt v. Reed, 16 Serg. & R. 266 (1827); Patterson's Estate, 25 Pa. (1 Casey) 71 (1855); McCleery v. Stoup, 32 Pa. Super. Ct. 42 (1906). From these authorities it is clear that by force of the contract of purchase in this case the complete equitable title to the premises passed from the Hoopes and Townsend Company to the Philadelphia Inquirer Company at the time the contract was signed subject only to the right of the vendor or its successor to demand and receive the balance of the purchase money. In the light of this law we are not concerned with the question repeatedly raised and vigorously contested—whether the delivery of the deed by the vendor to the title company pending the title search before consolidation was in escrow or a formal delivery to the vendee through the title company as its agent, and whether, accordingly, the after-acquired property clause of the mortgage operated or did not operate, for the vendee's rights were established not by the delivery of the deed or by the legal character of the delivery but by its contract of purchase and by the estate which local law accorded the purchaser on its execution. True, the legal title to the property remained in the vendor with the right to demand and receive the balance of the purchase price and we hold that that right is all that could and did pass on merger to the consolidated corporation. At the time of the consolidation neither the old Hoopes & Townsend Steel Company nor its

mortgagees, the present appellants, had any interest whatever in the property which the Hoopes and Townsend Company, the vendor, had sold, except momentarily under the lease which the merger automatically terminated. As the consolidated corporation did not acquire any interest in the property which Hoopes and Townsend Company had sold before the consolidation, the after-acquired property clause of the mortgage of the old Hoopes & Townsend Steel Company could not leap back and become a lien upon property which before consolidation the Hoopes and Townsend Company had parted with. When the consolidation was effected, the property of the Hoopes and Townsend Company, one of the constituents, had gone and, as in the case of a judgment against the vendor, there was nothing on which the mortgage of the Hoopes & Townsend Steel Company could become a lien under Pennsylvania law. The legal title, as we have said, remained in the former company with the right to receive the balance of the purchase money, but, again under Pennsylvania law, it held the title solely as trustee for the Philadelphia Inquirer Company with the duty to hand it over when that company paid what remained due of the purchase money. That being the law, we are not presently concerned with what the consolidated company did with the balance of the purchase money when it got it or what thereafter were the rights of any one else in respect to it, because in this suit we are only concerned with the right of the trustees under the old Hoopes & Townsend Steel Company mortgage to assert a lien of that mortgage on property which the Hoopes and Townsend Company had parted with before the consolidation and the right of the trustees to recover by bill of foreclosure on such a lien against the purchaser, the Philadelphia Inquirer Company.

We subscribe to the finding of the master and the District Court that the mortgage given by the old Hoopes & Townsend Steel Company to the Pennsylvania Company and Clarke does not by reason of its after-acquired property clause constitute a valid and subsisting lien on the premises in question. [4] The only other matter that calls for discussion is raised by the assignment which charges error to the court in affirming that part of the master's report which names his fee and in assessing the costs of the reference to the appellants.

The appellants say the fee is excessive. The character of the service is a matter in respect to which the learned District Judge

had peculiar knowledge. The master's labors, doubtless, are not to be measured alone by the size of the record, which in itself is substantial. Moreover, the case called for and received attention of a kind that can best be obtained from one skilled and experienced in judicial work. The fixation and allowance of compensation for such a service is a matter properly within the discretion of the trial judge who knows the case and can appraise the work of his master much better than an appellate court on a cold review of the printed record. As we have not found that the learned trial judge abused his discretion, we are constrained, in the orderly administration of justice, not to disturb his action.

The decree of the District Court is in all respects affirmed.