Rabe Estate.

Argued September 28, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*Roger J. Ecker,* Special Counsel, with him *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

*Kathleen Kelly Curtin,* with her *James M. Seif,* Assistant United States Attorney, and *Richard L. Thornburgh,* United States Attorney, for United States, appellee.

OPINION BY MR. JUSTICE POMEROY, May 4, 1973:

David Leroy Rabe was adjudicated an incompetent in June of 1961, and the Mellon National Bank and Trust Company was appointed guardian of his estate. Almost nine years later, on April 23, 1970, David Rabe was declared competent and the guardian was directed to file its final account.[1] At the hearing on audit of the account, the Commonwealth of Pennsylvania filed a claim of $5,817.90 against the former incompetent's estate for care and maintenance provided to Rabe at Torrance State Hospital during the period November, 1960 through July, 1968. On the authority of the Act of June 1, 1915, P. L. 661, §6, 71 P.S. §1786, the Commonwealth argued that its claim must take precedence over those of all general creditors.[2]

The Western Pennsylvania National Bank, holder of a first mortgage on real property owned jointly by the former incompetent and his wife, also filed a claim against the incompetent's estate for the unpaid balance of principal of the mortgage loan, for interest from June 24, 1965 through September 1, 1970, and for mis-

---

[1] For an earlier decision involving this estate see *Rabe Estate,* 437 Pa. 72, 261 A. 2d 603 (1970), where we granted leave to the guardian to utilize cash asests of the estate to satisfy existing mortgage deficiencies.

[2] The United States also filed a claim in the amount of $1,557.05 for disability annuities incorrectly paid to David Rabe under The Railroad Retirement Act, 45 U.S.C. §228b(a)(5) (1970). That claim was entitled to priority over all other claims, 31 U.S.C. §191 (1970), and that priority was honored by the lower court. The United States has filed here a brief as "appellee" solely to protect its preferred position. We do not disturb the lower court's distribution to the United States.

cellaneous costs and insurance premiums paid by the bank, all in the sum of $7,393.98.

The lower court in its adjudication and decree of distribution allowed the claim of the mortgagee Bank as a preferred claim, taking precedence over that of the Commonwealth. Because the assets of the estate were insufficient to pay all claims proved, the decree allowed the Commonwealth only the sum of $419.58 in satisfaction of its claim. The Commonwealth's exceptions were overruled and this appeal followed. We will vacate the decree of distribution and remand the matter for proceedings consistent with this opinion.

It is elementary law that a mortgagee has a lien on the reality which secures the mortgage debt, subject to preexisting liens and encumbrances of record. Beyond the mortgaged property, however, the mortgage does not constitute a lien and hence, as against other property, the mortgagee's status is that of a general creditor. 24 P.L.E. *Mortgages* §101, at 521; *Cake Estate,* 157 Pa. 457, 27 A. 773 (1893); *Elbert Estate,* 3 Pa. C.C. 611 (1887) Should the mortgagee choose to seek satisfaction of the obligation secured by the mortgage without proceeding against the subject real estate, he is regarded as asserting the rights of an unsecured, general creditor only. *Bank of America v. Sunseri,* 311 Pa. 114, 166 A. 573 (1933); 25 P.L.E. *Mortgages* §273, at 124 (and cases therein cited).

In the instant case there is no indication that the mortgagee Bank desires to proceed against the mortgaged property. Nor does that property appear in the guardian's second and final audit. It follows that the Western Pennsylvania National Bank in this proceeding is a general creditor only and has no lien on assets distributed by the decree of the lower court. Therefore, as between the Commonwealth and the mortgagee, a general creditor, the Commonwealth has statutory pri-

ority.[3] By our calculation, the assets are sufficient to allow the entire claim of the Commonwealth, leaving some $900 for distribution to the general creditors.

Decree of distribution is vacated and the matter remanded for the entry of a decree consistent with this opinion.

Costs on appellant.

MR. JUSTICE MANDERINO dissents.

Mr. Justice NIX took no part in the consideration or decision of this case.

_____

[3] Act of June 1, 1915, P. L. 661, §6, 71 P.S. §1786 (emphasis added): All claims by the Commonwealth for maintenance, as herein provided, in the distribution of any of the estate of any person so maintained, shall take precedence and be paid after other claims which by law are now given precedence, and *before any claims of general creditors.*