**In re Russell D. BROWN and Sarah H. Brown, Debtors,**

**BENEFICIAL CONSUMER DISCOUNT COMPANY, Plaintiff,**

v.

**Russell D. BROWN and Sarah H. Brown, Defendants.**

**Bankruptcy No. 1–79–00966.**

United States Bankruptcy Court, M. D. Pennsylvania.

Dec. 12, 1980.

Norman Yoffe, Harrisburg, Pa., for Beneficial Consumer Discount Co.

Jack F. Ream, York, Pa., for Com. Nat. Bank.

9. 9–A M.R.S.A. § 7–117(6).

10. 12 CFR § 226.9(h).

11. 11 M.R.S.A. § 9–203(1).

Laurence T. Himes, Jr., York, Pa., for York Bank & Trust.

## MEMORANDUM AND ORDER DENYING LIEN AVOIDANCE

THOMAS WOOD, Bankruptcy Judge.

■ This proceeding was instituted to determine the entitlement of the debtors to an exemption of their residential property from the property of the bankrupt estate. It appearing that entitlement to the exemption was governed by the Court's ruling in an earlier case, it was agreed that the Court decide whether the debtors can avoid the lien of the plaintiff's mortgages which, if preserved, will impair the debtors' exemption. Specifically, the issue presented is: Can an allowed exemption of Pennsylvania residential real estate which is subject to a mortgage executed and filed prior to bankruptcy be protected from lien impairment by application of section 522(f)(1) of the Bankruptcy Code? In Pennsylvania the recording of a mortgage creates a lien on the realty which secures the mortgage debt. *In re Estate of Rabe*, 452 Pa. 212, 304, A.2d 485 (1973).

■ Section 522(c) of the Code provides for the protection of mortgage liens against exemptions, as a general rule. This is consistent with the historical position of liens in bankruptcy proceedings. Collier on Bankruptcy, 15 Edition, para. 522.27. However, there are specific exceptions. One of them is found in section 522(f)(1), where it is provided that the fixing of a "judicial lien" may be avoided to the extent that such a lien impairs an exemption to which the debtor would otherwise have been entitled. The debtor argues that a mortgage lien is a "judicial lien" and that, as such, it is avoidable under Code section 522(f)(1).

Section 101(28) of the Code defines a "lien" as a charge against or interest in property to secure payment of a debt or performance of an obligation. Section 101(27) of the Code defines a "judicial lien" as one obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. The legislative history of Code enactment indicates that the Congress devised section 522(f) in reliance on the concept that there are three kinds of liens: judicial liens, security interests and statutory liens, and that these categories are mutually exclusive and exhaustive except for certain common law liens. See House Report No. 95--595, 95th Cong. 1st Sess. (1977) 312, U.S. Code Cong. & Admin.News 1978, p. 5787; Senate Report No. 95–989, 95th Cong.2d Sess. (1978) 25, U.S. Code Cong. & Admin.News 1978, p. 5787.

Code section 101(37) defines "security interest" as a lien created by agreement. Under this definition, a mortgage lien is a security interest, not a judicial lien. Such being the case, it is not subject to avoidance under section 522(f)(1). The consonant legislative policy is indicated in Chapter 7 of the 1973 Report of the Commission on Bankruptcy Laws of the United States, wherein it is stated that restriction of the enforceability of security interests beyond those proposed would impair the ability of a debtor to obtain financing without a substantial corresponding benefit to the debtor.