In re Leslie A. **WALKER** and Janice M. Walker, t/d/b/a Walker's Garage, Debtors.

Leslie A. **WALKER** and Janice M. Walker, t/d/b/a Walker's Garage, Plaintiffs,

v.

**FLEET CONSUMER DISCOUNT COMPANY** and James R. Huff, II, Trustee, Respondents.

Bankruptcy No. 86–1195.

Motion No. 86–3270.

United States Bankruptcy Court, W.D. Pennsylvania.

April 22, 1987.

Joseph Colavecchi, Colavecchi & Ryan, Clearfield, Pa., for debtors.

Benjamin S. Blakley, III, Blakley & Jones, DuBois, Pa., for respondents.

James R. Huff, II, Altoona, Pa., trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is Debtors' *Motion To Avoid Lien* pursuant to 11 U.S.C. § 522(f)(1). Specifically, Debtors assert that Respondent's interest in certain real property is, at best, a judicial lien, avoidable as impairing Debtors' exemption. Respondent claims to possess a valid mort-

gage on said real property, which is not avoidable under § 522(f). Said property has since been sold free and clear of all encumbrances, with same attaching to the proceeds therefrom. Based upon the pleadings and briefs submitted, oral arguments offered, and this Court's own research, we find that Respondent possesses an unsecured claim as to the proceeds derived from the sale of said property.

## FACTS

Debtors owned property in the Village of Croft, Goshen Township, Clearfield County, Pennsylvania. On April 16, 1984, Debtors entered into an agreement with James D. and Sharon L. Stiles, for the installment sale of said real estate; the agreement was properly recorded with the Recorder of Deeds of Clearfield County on May 29, 1984. On June 5, 1984, Debtors entered into a mortgage on said property in favor of Respondent, in which Mr. and Mrs. Stiles *did not* join. Said mortgage was properly recorded on June 7, 1984.

Thereafter, On April 26, 1985, Debtors *and* the Stiles entered into a mortgage with Community Consumer Discount Company; said mortgage was properly recorded on May 3, 1985.

Debtors filed their bankruptcy petition on May 5, 1986. During the course of this case, the Trustee sought this Court's approval to complete the sale of the above real estate to the Stiles. They remitted the balance due, and received legal as well as equitable title to the property; the sale Order indicated that all liens and encumbrances impeding delivery of clear title would be transferred to the proceeds therefrom, and be paid in order of priority.

## ANALYSIS

■ Section 522(f)(1) allows the debtor to avoid the fixing of a judicial lien on his property to the extent the lien impairs his right to take an exemption. Section 101(30) defines "judicial lien" as "one obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." Section 101(43) defines "security interest" as a "lien created by an agree-

ment." These categories of security interest and judicial lien are mutually exclusive, *In re Sanders*, 61 B.R. 381 (Bankr.D.Kan. 1986); *In re Jones*, 13 B.R. 945 (Bankr.E.D. Pa.1981); and therefore, a mortgage, by its very terms, is a security interest and not a judicial lien. *In re Brown*, 7 B.R. 479 (Bankr.M.D.Pa.1980). No security interest, including a mortgage, can be subject to avoidance under § 522(f)(1).

Pennsylvania law holds that upon the execution and delivery of an agreement of sale, the purchaser is vested with equitable title in the real estate; the vendor becomes a trustee of the real estate for the purchaser, and the purchaser becomes trustee of the balance of the purchase money for the vendor. *Payne v. Clark*, 409 Pa. 557, 187 A.2d 769 (1963); *Allardice v. McCain*, 375 Pa. 528, 101 A.2d 385 (1953); *Dubin Paper Company v. Insurance Company of North America*, 361 Pa. 68, 63 A.2d 85 (1949); *Spratt v. Albert M. Greenfield & Company*, 279 Pa. 437, 124 A. 126 (1924); *McCannon v. Marston*, 679 F.2d 13 (3rd Cir.1982); *In re Hotel Associates, Inc.*, 10 B.R. 668 (Bankr.E.D.Pa.1981); Ladner On Conveyancing In Pennsylvania, Section 6.10 (4th Ed.). The court in *Spratt*, emphasizing the degree to which the property now belonged to the purchaser, quoted the following from *Richter v. Selin*, 8 Serg. & R. 425, 440:

> When a contract is made for the sale of the land, equity considers the vendee as the purchaser of the estate sold, and the purchaser as a trustee for the vendor for the purchase money. So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance; and he will be entitled to any benefit which may accrue to it in the interval; because, by the contract, he is the owner of the premises, to every intent and purpose, in equity.

■ With this background, we turn to the mortgage between Debtors and Respondent. The parties entered into a mort-

gage on June 5, 1984, and recorded this mortgage two (2) days later; the Stiles, the equitable owners of this property, did not join in this document. Respondent's mortgage, which we have already established as a security agreement, is a written document, signed by the Walkers, and is very specific in describing the collateral which it claims to secure [1]—it refers to an attached "Schedule A", describing by street names and degrees of measure, the real estate in question. Therefore, Respondent took a mortgage from Debtors based upon Debtors' interest in said real estate. However, at the time this mortgage was executed, Debtors held only bare legal title in said realty, and that was held merely as trustee—providing nominal value at best. It is true that Debtors possessed rights to future installment payments, but said payments were not included in the collateral described in Respondent's mortgage/security agreement; no collateral was included other than the real estate and appurtenances thereto. If said installment payments had been included in the security agreement, they would have been subject to Article 9 of the Uniform Commercial Code ("UCC"). According to the UCC, as adopted in Pennsylvania, any description of collateral is sufficient if it reasonably identifies what is described. It need not be exact or detailed, 13 Pa.C.S.A. § 9110 and Comment; 33 P.L.E. *Secured Transactions* § 22; as long as it provides creditors with sufficient notice to inquire further. *Matter of Hemminger*, 20 B.R. 357 (Bankr. W.D.Pa.1982); *Heights v. Citizens National Bank*, 463 Pa. 48, 342 A.2d 738 (1975). As the mortgage includes no language describing these installment payments as part of the collateral, and as it does not contain any description which would put a creditor on notice to inquire, we find that the installment payments do not constitute part of the secured interest.

Therefore, Respondent was secured in the legal title only. Since this case arose, however, the sale between the Debtors estate and the Stiles has been completed.

---

1. Although not applicable to a mortgage on real estate, this security agreement conforms to the

UCC requirements. *See*, 13 Pa.C.S.A. § 9203(a); *In re Bollinger*, 614 F.2d 924 (3rd Cir.1980).

The legal title was transferred to the Stiles free and clear of encumbrances; these were transferred to the proceeds. Respondent is secured in the proceeds of this sale to the extent it was secured in the collateral. 13 Pa.C.S.A. §§ 9203(c) and 9306. As the value of the bare legal title was either negative or nominal, Respondent has no secured claim to said proceeds—but is reduced to the status of a general unsecured creditor.

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 22nd day of April, 1987, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Debtor's Motion To Avoid Lien is DENIED; and that Respondent possesses a general unsecured claim against the estate.