VOLLMAR & BELOW COMPANY, Respondent, vs. BAYFIELD
MILL COMPANY, Appellant.

*May 3—June 1, 1911.*

*Pleading: Express or implied contract: Payment to corporation by
note to individual: Amendment of pleading: Ambiguity in writ-
ing: Parol evidence of custom.*

1. Where all the material facts are stated in the pleadings and are
found by the court after waiver of a jury trial, it is immaterial,
upon appeal from a judgment against the defendant, whether
his liability arose from breach of an express contract to pay the
amount in question or from an implied duty to respond for that
amount of money in his possession belonging to plaintiff.

2. A note given as an advance payment on a contract with a corpo-
ration, though made to an individual, who discounted it and re-
tained the proceeds, was a payment to the corporation where the
payee named owned all the stock of the corporation, had control
and management of it, and acted for it in receiving and holding
the money.

3. Allowing the complaint to be amended, at the close of the evi-
dence, to conform to the proofs was not error where all the evi-
dence was admissible under the complaint without amendment
and defendant could not have been misled.

4. Where a written contract for the sale of lumber provided that
the purchaser should ship all of the lumber by a certain date
"or pay for the same on estimate," the clause quoted, if am-
biguous, might be explained by parol evidence of a general cus-
tom or usage of the trade in contracts of that kind.

APPEAL from a judgment of the circuit court for Wood
county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This action was brought to recover money in possession of
the defendant which it is claimed belonged to the plaintiff.
It appears from the complaint that Vollmar and Below, co-
partners, on the 27th day of March, 1905, entered into a con-
tract with the defendant for the purchase of certain lumber,
which contract was in writing and is attached to the com-
plaint, and specified the different kinds of lumber and the
price of each which was to be cut during the winter and spring

of 1905, f. o. b. cars Redcliff. The contract further provided that "Vollmar & Below agree to ship all of the above lumber by October 15, 1905, or pay for the same on estimate." The complaint further alleges that said copartners on the 21st day of January, 1906, advanced $2,700 to the defendant on said contract; that the defendant paid in lumber to said copartners $2,303.49, leaving a balance of $396.51; that on February 14, 1907, plaintiff was incorporated, with Vollmar and Below the principal stockholders, and took over by assignment the contract in question and all other claims and accounts of said Vollmar and Below, copartners, and that there is due plaintiff from defendant the sum of $396.61 with interest from June 9, 1906, for which sum judgment is demanded.

The answer admits the corporate existence of the plaintiff and defendant, and that Vollmar and Below were copartners at the time the contract was made; also admits the execution of the contract in question, but denies the advancement of the $2,700 or any sum as set forth in the complaint. The answer further alleges that Vollmar & Below agreed to ship all lumber purchased under the contract by October 15, 1905, and upon their failure so to do to pay for such portion not shipped by October 15, 1905, on estimate; that defendant in July, 1905, transferred to William Knight, of Bayfield, all its right, title, and interest in said contract and all lumber and logs in its yard and booms; that Vollmar & Below had notice of such assignment; that Vollmar & Below neglected to ship the lumber by October 15, 1905, and did not ship until June 8, 1906; that the lumber unshipped was estimated by Knight and Vollmar & Below in accordance with the contract on the 15th day of December, 1905, and full settlement made between Knight and Vollmar & Below, and that there was found upon such settlement to be due Knight from said copartnership of Vollmar & Below the sum of $2,700, for which a note was executed and delivered to Knight, which bore date January 2, 1906, which note Knight accepted in full settlement on ac-

count of the contract in question and on account of the lumber sold and delivered thereunder, and that on maturity Vollmar & Below paid said note. The answer further sets out the amount of the unshipped lumber of different kinds, and that in consequence of failure of Vollmar & Below to ship the lumber by October 15, 1905, and before June 8, 1906, the same became damaged by exposure, which damage occurred after the settlement between Knight and Vollmar & Below and while the latter were owners of the lumber. The answer also sets up that Knight is a necessary party defendant and denies generally the allegations of the complaint not admitted.

At the close of the testimony the plaintiff moved to amend the complaint so as to make it more definite and certain and in accordance with the proof, which motion was granted.

The defendant moved for a directed verdict, which was denied, and it was thereupon stipulated that the jury be waived and the court make findings of fact and conclusions of law. The defendant requested certain findings of fact and conclusions of law, which were refused, and the court made the following:

"1. That at the time of making the contract, Exhibit 'A' of the amended complaint, and for many years prior thereto and ever since there was and is a general custom in the northern half of Wisconsin, including the territory involved in this action, that hardwood lumber (which includes the kinds of lumber involved in this action) not shipped out at the time named in the contract of sale, should be paid for, by way of an advancement on the contract, on an estimate, and that upon the completion of the inspection, grading and shipment of said lumber so remaining on hand, final settlement should be made between the parties upon the basis of the prices and grades named in the contract of sale.

"2. That the words 'or pay for the same on estimate' were and are words in substance commonly used in contracts for the sale of such lumber in said territory in recognition of said general custom.

"3. That upon the making and execution of said contract,

Exhibit 'A' of the amended complaint, said general custom became and is a part of said contract, and such general custom is referable to and included in the following words in said contract, Exhibit 'A' of the amended complaint, to wit: 'Vollmar & Below agree to ship all of the above lumber by October 15, 1905, or pay for the same on estimate.'

"4. That October 15, 1905, and continuously to and including January 2, 1906, a portion of the lumber covered by said contract, Exhibit 'A' of the amended complaint, was uninspected, unscaled, and unshipped.

"5. That upon defendant's request and upon a rough estimate, by defendant alone, without reference to the grades specified in said contract, Vollmar & Below, the copartnership mentioned in said amended complaint and contract, Exhibit 'A', of purchase of said lumber, paid to defendant the sum of $2,700 to apply on the purchase price of the lumber specified in said contract, Exhibit 'A' of the amended complaint, and in accordance therewith.

"6. That said defendant promised and by said contract was obligated to repay to said Vollmar & Below, copartners, said sum of $2,700 in the lumber specified in said contract, or in money.

"7. That the remainder of said lumber so remaining unshipped, ungraded, and unscaled October 15, 1905, and January 2, 1906, was duly by the parties inspected, graded, and shipped during the latter part of May and the first third of June, 1906.

"8. That upon the completion of such inspection, grading, and scaling it was found and determined that the lumber remaining unshipped, uninspected, ungraded, and unscaled January 2, 1906, amounted, according to the terms of said contract, to the sum of $2,303.49, and no more.

"9. That said payment of $2,700 made January 2, 1906, was an overpayment to the amount of $396.51.

"10. That said lumber covered by said contract, Exhibit 'A' of the amended complaint, shipped prior to January 2, 1906, had been by said Vollmar & Below duly paid for to the defendant according to the terms of said contract.

"11. That August 1, 1906, said Vollmar & Below made due demand upon said defendant for the repayment of said sum of $396.51, which repayment defendant refused and neglected to make.

"12. That prior to the commencement of this action said Vollmar & Below, copartnership, for value, duly assigned its claim and cause of action herein against the defendant for the repayment of said sum of $396.51, to the plaintiff in this action, and ever since said assignment [plaintiff] has been and now is the owner of said claim and cause of action.

"13. That interest at six per cent. should be reckoned on said claim of $396.51 from August 1, 1906, to this 23d day of May, 1910.

"14. That all the allegations of plaintiff's complaint are proven and true.

"15. That all the allegations of defendant's answer except as herein otherwise found, are unproven and untrue."

And as conclusions of law the court found that the plaintiff is entitled to judgment against the defendant for the sum of $396.51 and interest at the rate of six per cent. per annum from August 1, 1906, to the 23d day of May, 1910, or the sum of $90.54, in all, principal and interest, the sum of $486.05, together with its costs and disbursements of this action.

Due exceptions were taken to the findings of fact and conclusions of law and to the refusal to find as requested. Judgment was rendered in favor of the plaintiff and against the defendant upon these findings, from which judgment this appeal was taken.

For the appellant there was a brief by *W. W. Downs,* attorney, and *E. C. Alvord,* of counsel, and oral argument by *Mr. Alvord.*

For the respondent there was a brief by *Goggins & Brazeau,* and oral argument by *B. R. Goggins.*

KERWIN, J. The facts in this case are fully set forth in the foregoing statement. The errors assigned and relied upon are: (1) Denial of motion for nonsuit and directed verdict; (2) refusal to find as requested by defendant and finding as requested by plaintiff; (3) error in admission of evidence; and (4) error in allowing an amendment to the complaint.

1. The first and second errors may be considered together, since they go to the merits of the case and involve the right of recovery regardless of the error in admission of evidence and in allowing the amendment. It is contended by counsel for appellant that judgment must be reversed unless the defendant can be held in an action for money had and received. It is not very important, under our system of pleading, what we call the cause of action set up in the complaint, since the old forms of action have been abolished by the Code. It is sufficient under the rules of law and our system of pleading that the complaint sets forth a plain, concise statement of facts sufficient to constitute a cause of action under the law: Whether the liability of the defendant springs from a breach of an express contract in failing to pay on demand the amount of money claimed, or through an implied duty to respond to the plaintiff for the amount of money remaining in defendant's possession which belonged to the plaintiff, is not very material. The contract between the parties and all the material facts necessary to constitute the cause of action on the part of the plaintiff are set up in the complaint, and the alleged defense is set up by way of answer. So that all the material facts respecting the controversies between the parties appear in the pleadings and are found by the court after a jury trial had been duly waived.

The main controversy in the case is that the money was not received by the defendant, because the note referred to in the statement was executed to one Knight and not to defendant, and that Knight discounted the note and received and retained the proceeds. But the answer to this is that it appears from the evidence that Knight was acting for the defendant; in fact it might be said that Knight was the defendant, because he owned all of the stock, had control and management of defendant, and acted for it in receiving and holding the money. So his acts were in fact the acts of the defendant. The contract in question was a contract between plaintiff's assignors

and the defendant, as appears by sufficient evidence.     Knight testified that he was the owner of all the capital stock, that four shares not in his name were donated to holders to keep up the organization of the company, that the defendant sawed the logs referred to in the contract, and that it never assigned the contract to Knight; and Knight admitted that the claim was against the defendant.     The evidence shows that the money was paid by way of advancement on the contract, and that defendant was to pay plaintiff's assignors in money any excess of such payment which might appear when the lumber was graded and delivered.

Plaintiff's assignors duly performed the conditions of the contract on their part to be performed, hence there resulted an obligation on the part of the defendant to pay the amount of money found due by the court.     This amount was to be paid in lumber or money, and the defendant on demand, having failed to pay in lumber, became obligated for the amount found due by the court below.

2.  After the evidence was all in the court allowed an amendment to the complaint to make it conform with the proof, and this is complained of as error.     We do not think the amendment was necessary, because all the issues in the case and necessary to a full determination of the controversy were raised by the pleadings without the amendment.     True, the complaint was very general, but there was no motion to make it more definite and certain, and we are of opinion that all evidence received was admissible under the complaint without amendment.     But, even if this were not so, we think no error was committed in allowing the amendment and the defendant could not have been misled thereby.

3.  Error is also assigned and argued here because the court admitted evidence of custom.     This evidence was offered for the purpose of explaining or rather showing the sense in which the provision in the contract, "Vollmar & Below agree to ship all of the above lumber by October 15, 1905, or pay

for the same on estimate," was understood by the parties. The evidence was offered for the purpose of showing the general custom of the trade and usage of such provision in contracts of this kind. Perhaps no proof of custom was necessary, but in any event its admission was not prejudicial. The provision was used in the contract and a part of it, and if ambiguous it might be explained by parol evidence.

We find no reversible error in the record. The judgment must therefore be affirmed.

. *By the Court.*—The judgment of the court below is affirmed.