Sorensen, Appellant, vs. New York Life Insurance Company, Respondent.

*February 8—March 6, 1934.*

For the appellant there was a brief by *Hayden & Hayden* of Milwaukee, and oral argument by *Thomas W. Hayden.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Leon F. Foley,* all of Milwaukee.

ROSENBERRY, C. J.   Upon the issue of fact raised on the trial, the trial court found that one Leonard T. Sorensen, husband of the plaintiff, on or about September 17, 1927, presented the policy issued by the defendant to the plaintiff with a request for cancellation of the policy and payment of its cash surrender value, the plaintiff's name, Emma E. Wilke, the name in which the policy was issued, being forged by some woman who impersonated the plaintiff; that the defendant thereupon canceled the policy and on October 24, 1927, mailed its check for $518.44 to the address given on the fraudulent application blank; that said check was paid; that the proceeds thereof never came to the hands of the plaintiff; that the acts of Leonard T. Sorensen and of the woman who impersonated the plaintiff were done without the knowledge, consent, or approval of the plaintiff.

It further appears from the undisputed evidence that the plaintiff went to the state of Washington, leaving the policy in a trunk in the apartment to which the husband had access. She left in August, 1927, and returned some time in December, 1927, at which time she learned the policy had been surrendered and the surrender value paid to her husband.

It further appears that after learning of the surrender of the policy her husband agreed to repay the amount to her. It further appears that plaintiff had not paid the 1926 premium, the 1927 premium, nor the 1928 premium.

The principal contention of the plaintiff here is that the circuit court for Milwaukee county should not have set aside the findings of the civil court. The circuit court for Milwaukee county did not set aside the findings of the civil court, but, accepting the findings of the civil court and the undisputed evidence, came to the conclusion that the civil court had applied a wrong principle of law, and in this view we concur. Assuming, as the trial court found, that the act of Sorensen and the woman who assisted him was entirely without authority and fraudulent as to the plaintiff, the plaintiff nevertheless owed some duty when she learned that the policy had been surrendered by her husband and he had received the surrender value thereof. *Failure to act as affirmance:* An affirmance of an unauthorized transaction may be inferred from a failure to repudiate it. Restatement of the Law of Agency, sec. 94.

The civil court concluded as a matter of law that the plaintiff had not waived her claim against the defendant. That may be true, but her failure to disaffirm the act of those who pretended to act for her when she was fully informed of the facts and negotiating with her husband for a repayment of the money received by him and taking no steps to disaffirm for a period of nearly two years, while it may not constitute a waiver, is almost conclusive evidence of her affirmance of the transaction. While ordinarily, as is stated in the comment to sec. 94 of the Restatement, whether or not the failure of the plaintiff to act under the circumstances amounts to affirmance is a question of fact; where there is no dispute in the evidence and the minds of reasonable men could come to but one conclusion, it is a question for the court. The silence of the plaintiff for a long period of time, induced no doubt in part by the hope that the husband would repay her and in part because she at the time did not wish to subject him to criminal prosecution, leaves room for but one infer-

ence, and that is that she consented to and ratified his act and looked to him for reimbursement. The trial court correctly so held, citing *Clausen v. Head,* 110 Wis. 405, 411, 85 N. W. 1028; *Smeesters v. Schroeder,* 123 Wis. 116, 101 N. W. 363; *Somers v. Germania Nat. Bank,* 152 Wis. 210, 219, 138 N. W. 713, and other cases.

*By the Court.*—Judgment affirmed.