ZUEHLKE, Respondent, vs. OTT and another, Appellants.

*March 2—March 31, 1936.*

For the appellants the cause was submitted on the brief of *Gustave J. Keller* of Appleton.

For the respondent there was a brief by *Krugmeier & Witmer* of Appleton, and oral argument by *Joseph Witmer*.

MARTIN, J. Defendants contend that the payment made by the plaintiff was voluntary, and being such, plaintiff cannot recover. On the facts clearly established in this case, however, plaintiff is not in the position of a volunteer. The evidence shows unmistakably that in the period from 1931 to the date of payment on June 2, 1934, plaintiff was actively engaged on behalf of the defendants in an effort to effect an adjustment of their debts, which finally resulted in a reduction in favor of the defendants amounting to $7,219. It is admitted by the defendants that they sought the advice and services of the plaintiff in connection with their financial difficulties. Plaintiff in fact acted as the agent of defendants in getting their creditors to scale down their respective claims, and when negotiations reached a final point, where an additional sum of $1,500 was needed, plaintiff advanced it for their use and benefit. Though defendants claim that they did not specifically request plaintiff to pay said sum to the cashier of the Appleton State Bank, they have accepted the benefits of the whole transaction on their behalf by the plaintiff. An affirmance of an unauthorized transaction may be inferred from a failure to repudiate it. *Sorensen v. New York Life Ins. Co.* 214 Wis. 430, 432, 253 N. W. 173; Restatement, Agency, § 94. In comment *b* it is said:

"Acquiescence may be inferred from silence, even though the purported agent was theretofore a stranger to the pur-

ported principal. Nevertheless, the latter's silence is usually more significant where an agency relationship already exists and the agent in the particular case has exceeded his powers. If such an agent reports the matter to the principal at a time or in a manner calculated to call for dissent if the principal were unwilling to affirm, the latter's failure to dissent, if unexplained, furnishes sufficient evidence of affirmance."

In *Gnat v. Westchester F. Ins. Co.* 167 Wis. 274, 277, 167 N. W. 250, the court said:

"A person cannot retain the avails of an unauthorized contract, made for his benefit by another assuming to act as his agent, and repudiate the responsibilities of such contract, and any attempt so to do, with full knowledge of the facts, constitutes a ratification of the unauthorized act and creates a liability on the part of such person to the same extent as if such contract were originally authorized."

To the same effect, see *Gimbel Bros. v. Adams,* 178 Wis. 590, 593, 190 N. W. 357; *Senger v. Malloy,* 153 Wis. 245, 249, 141 N. W. 6; 3 Page, Contracts (2d ed.), §§ 1764, 1765.

In *Andrews v. Robertson,* 111 Wis. 334, 337, 87 N. W. 190, it is said:

"True, they did not have actual notice of such condition, but by well-settled principles of law they had constructive notice, if what Forsting did was within the actual or apparent scope of his agency; and if it was not, they are chargeable just the same and are bound accordingly, because they insisted on reaping the benefit of his transaction after having knowledge of the facts. Upon receiving such knowledge, if they did not intend to ratify such transaction, they should have promptly repudiated it and offered to return the note."

Defendants contend that the $8,000 in bonds was in full settlement of the mortgage indebtedness due to the bank and those of its customers who had purchased some of the mortgages from it. The testimony of the cashier is to the effect that, before he signed the agreement on behalf of the bank and its customers to accept the bonds, he had a talk with the

plaintiff and Mr. Ott in which he stated that the bank would not accept the bonds in full settlement of the mortgage indebtedness; that plaintiff replied in the presence of Mr. Ott: "Well, Mr. Ott has made arrangements with me for $1,500, I am going to help him out. You accept those bonds and I will give you $1,500." The cashier then said: "All right, upon your say-so you are giving $1,500. I will sign the agreement to accept $8,000 in bonds." Upon this understanding, the cashier signed the agreement to take the bonds. The plaintiff did pay the $1,500, and the jury has found that it was paid for the use and benefit of the defendants. The jury's finding is fully sustained by the evidence.

We find no error as to the manner in which the case was submitted to the jury. This court has expressly held that the case may be declared upon, tried, and submitted to the jury on two theories: (1) Upon express contract; and (2) upon implied contract based on the fact of benefit conferred. *Grossbier v. Chicago, St. P., M. & O. R. Co.* 173 Wis. 503, 508, 181 N. W. 746; *Brennan v. Healy,* 157 Wis. 37, 145 N. W. 641; *Vollmar & Below Co. v. Bayfield Mill Co.* 146 Wis. 412, 417, 131 N. W. 899; *Dunnebacke Co. v. Pittman,* 216 Wis. 305, 311, 257 N. W. 30.

Plaintiff is not seeking compensation for his services. He asks only for reimbursement for the cash moneys advanced.

*By the Court.*—Judgment affirmed.