**VOGEL et al. v. NORTHERN ASSUR. CO., Limited et al.**

No. 12845.

United States District Court
E. D. Pennsylvania.

Sept. 8, 1953.

Lindenmouth & Class, Media, Pa., W. Glenn George, and A. J. Goldin, Philadelphia, Pa., for plaintiffs.

Horace Michener Schell, Philadelphia, Pa., for Northern Assur. Co.

J. Ward Hinkson, Chester, Pa., for Mount Joy Ins. Co.

GRIM, District Judge.

On October 16, 1950, Samuel Shank was the owner of a frame dwelling house in Delaware County, Pennsylvania. On August 29, 1950, Shank had entered into a

written contract with Lawrence B. Vogel and Harriet F. Vogel, his wife, to sell the property to the Vogels.[1] On October 16, 1950, Shank placed fire insurance on the house insuring his interest therein in the sum of $6,000. The next day the Vogels insured their interest in the house in the sum of $12,000. The Shank insurance company was defendant Northern Assurance Co., Ltd. The Vogel insurance company was defendant Mount Joy Mutual Insurance Company.

On October 28, 1950, while the Shank and the Vogel insurance were in force a fire destroyed the house causing damage in the sum of $12,000.[2]

On November 24, 1950, Shank, along with his wife, executed and delivered to the Vogels a deed to the property and received from the Vogels the full balance of the consideration for the property as it was fixed in the agreement of sale dated August 29, 1950. When Shank received the balance of the consideration for the sale of the property on November 24, 1950, he not only delivered a deed to the Vogels, but he also executed an assignment to the Vogels of his claim against the Northern Assurance Co., Ltd. arising out of his fire insurance policy with the Northern company and the fire of October 28, 1950.

In the present action the Vogels are claiming from Northern Assurance Co., Ltd. the full amount of the fire insurance which Shank placed on the property and they also claim from Mount Joy Mutual Insurance Company the full amount of the insurance which they placed on the property with the Mount Joy company.

Here we have a situation where an owner of real estate and a prospective purchaser thereof execute an agreement of sale. Each one of them protects his interest in the property by placing fire insurance on it. Before the deed is delivered to the purchaser the property burns. When the owner delivers the deed to the property to the purchaser he also transfers to the purchaser his claim under the fire insurance he had placed on the property.

■■ There seems to be no doubt under the law of Pennsylvania, which is the law which must be followed in this case, that when a fire damages a property after an agreement of sale has been entered into and before delivery of the deed the fire insurance company of the seller is liable to the seller of the property for the loss up to the limit of the policy, even though he may have been paid by the purchaser the full value of the property. Heidisch v. Globe & Republic Ins. Co., 368 Pa. 602, 84 A.2d 566, 29 A.L.R.2d 884. Since the seller in the present case has assigned his claim to the Vogels, the plaintiffs herein, it is clear that the Vogels can recover the full amount of the Shank insurance from defendant Northern Assurance Co., Ltd. Indeed, even if Shank had not assigned his claim to the Vogels it appears that the Vogels could collect the full amount of the Northern Assurance Co. insurance by filing an action equitable in nature asking that Northern Assurance Co. pay the insurance money to Shank and that Shank be declared a trustee for the Vogels. Dubin Paper Co. v. Insurance Co. of North America, 361 Pa. 68, 63 A.2d 85, 8 A.L.R.2d 1393.

Mount Joy Insurance Co. concedes that the Vogels had a right to insure their interest in the property, but it contends that it is not liable because of a clause in its policy known as the "other insurance" clause, which reads:

"Other insurance—Other insurance is hereby prohibited unless the total insurance including this policy is listed in the following spaces * * *

"It is provided * * * that this policy shall be void while the insured

---

1. On August 29, 1950, Shank was not yet the legal owner of the property, but he was the equitable owner of it by reason of a written contract of sale which he as prospective purchaser had executed with one Samuel D. Riddle. Riddle executed and delivered a deed to the property to Shank on October 3, 1950.

2. Both insurance policies insured the property (within the policy limit) up to the "actual cash value" of the property. All the parties in the case have agreed that the "actual cash value" of the house was $12,000.

shall have any other contract of insurance, whether valid or not, upon such property, not permitted in writing thereon."

Apparently this clause is placed in fire insurance policies as a deterrent to fraud which can come about from the placing of excessive fire insurance on a property. This clause causes prospective fire insurance purchasers to disclose all their insurance on their property and it thus puts fire insurance companies in a position where they can decide with more certainty whether or not prospective insurance purchasers are likely to commit a fraud.

In the present case the Mount Joy policy did not in any way disclose the Northern Assurance Co. insurance. The Mount 'Joy company concedes that the "other insurance" in fire insurance policies has been defined to mean insurance on the same property and the same interest in the property. See Meigs v. Insurance Co. of North America, 205 Pa. 378, 54 A. 1053; Vrabel v. Scholler, 369 Pa. 235, 85 A.2d 858; Turk v. Newark Fire Ins. Co., D.C., 4 F.2d 142; Newark Fire Ins. Co. v. Turk, 3 Cir., 6 F.2d 533, 43 A.L.R. 496. It also concedes that the Mount Joy insurance did not insure the same interest as did the Northern Assurance Co. insurance. It therefore concedes that its insurance was valid when it was taken out and at the time of the fire, but it contends that its insurance became void under the "other insurance" clause when the Vogels accepted the assignment of the claim against the Northern Assurance Company.[3]

 The rule, which is supported by many authorities and which the Mount Joy company contends governs its situation, is set forth in 29 American Jurisprudence, Section 740, as follows:

"If one having a policy of insurance containing a clause against other insurance ratifies a second policy issued without his knowledge or prior assent, such ratification validates the unauthorized policy, so that it constitutes 'other insurance', invalidating the first policy containing a clause against other insurance. In such respect, one may ratify the unauthorized issuance of a policy even after a loss has occurred * * *"

The facts of the present case, however, do not bring it under the rule whereby fire insurance becomes void by reason of a ratification of unauthorized insurance. In all the cases in which this rule is applied the insurance contracts, both authorized and unauthorized, were on the same interest in the insured property. In the present case the two insurance contracts were not on the same interest. After the fire Shank had a claim against the Northern Assurance Co. It was his to collect or to dispose of as he pleased. Having been paid for his property in full he chose to assign it to the Vogels. The fact that he chose to assign his claim to the Vogels rather than to collect it himself or to assign it to some other person is no reason why the Mount Joy company should be able to use it as a defense to a claim on the Mount Joy policy. If, unknown to the Vogels, some other person had also insured the Vogel interest in the property[4] before the Vogels placed the Mount Joy insurance on the property and the Vogels had ratified this other insurance after the fire, then the "other insurance" clause would apply to exempt the Mount Joy company and it would not

---

3. The Vogels not only accepted the assignment, but they even insisted that the assignment be made to them. Shank, perhaps unknowingly, gave up a valuable claim against the Northern Assurance Co. without legal consideration since he could have compelled the Vogels to pay the balance of the purchase price in full despite the fire. See Spratt v. Greenfield, 279 Pa. 437, 439, 124 A. 126; Hess v. Vinton Colliery Co., 255 Pa. 78, 83–84, 99 A. 218, 14 A.L.R. 1; Reed v. Lukens, 44 Pa. 200, 202.

4. In Gnat v. Westchester Fire Ins. Co., 167 Wis. 274, 167 N.W. 250, L.R.A. 1918D, 779, a son unknown to his father took out fire insurance on his father's property as a gift to him, although the father already had insurance. After a fire the father learned of the son's insurance and tried to collect on both policies. The court denied recovery on the son's policy.

be liable. But under the facts of the present case the Mount Joy company is liable.

The Mount Joy company contends that at most it can be liable for no more than three-fourths of the loss under a clause in its policy, which reads:

"* * * it is expressly stipulated and made a condition of the contract that, in the event of loss or damage by fire to the buildings covered under this policy, this company shall not be liable for an amount greater than three-fourths (¾) of the actual cash value of the buildings covered by this policy * * *"

Since the actual cash value of the building in the present case was $12,000 it is clear that Mount Joy Insurance Company's liability, by reason of this clause, is only $9,000.

The Mount Joy company also points to another clause in its policy, which reads:

"Pro Rata Liability—this company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

It contends that this clause applies to the present case and that its effect is to reduce its liability to $6,000.[5] This contention also must be rejected. The "pro rata liability" clause, like the "other insurance" clause applies only where the insurance is on the same interest. The loss in the present case was sustained by two different people. It is clear from reading the Mount Joy policy in its entirety that the insurance was not to be diminished by the presence of other insurance on another interest in the property.

The parties have agreed that no interest will be due until judgment is entered.

The statements of fact and law contained in this opinion will constitute the Court's findings of fact and conclusions of law in the case.

And now, September 8, 1953, in accordance with the foregoing opinion, it is Ordered that judgment be and it hereby is entered in favor of the plaintiffs in the sum of $6,000 against defendant Northern Assurance Co., Ltd., and against defendant Mount Joy Mutual Insurance Company in the sum of $9,000.

---

5. Mount Joy's contention is as follows: Mount Joy is liable, if at all, for only its proportionate share of three-fourths of the loss. Since Mount Joy carries $12,000 out of a total of $18,000 insurance on the property, its pro rata share is two-thirds and its liability is two-thirds of three-fourths of the $12,000 loss or $6,000. (Actually because of the three-fourths clause the Mount Joy insurance amounts to $9,000 out of a total coverage of $15,000.)