## Insurance Company of North America et al. v. Alberstadt et al.

*Gerber & Galfand,* for plaintiffs.

*Samuel Melnick* and *Spiegel & Highley,* for defendants.

SMITH, P. J., May 6, 1954.—This matter comes before the court on plaintiffs' petition for declaratory judgment.

The Empire Mutual Insurance Company on December 26, 1951, issued a standard fire policy to defendant, Rose Alberstadt, owner in fee of premises 2004 St. Albans Street, Philadelphia, to the extent of $3,500. On February 2, 1953, the premises were sold by the Sheriff of Philadelphia County for delinquent taxes to defendant, D. Mullen Patterson, the consideration being $2,600. The Insurance Company of North Amer-

ica then insured defendant, D. Mullen Patterson, on the premises to the extent of $2,500. Both of the aforesaid policies were in full force and effect when on February 28, 1953, an explosion and fire occurred on the premises. Plaintiffs allege that the loss was not less than $2,800 and defendant, Rose Alberstadt, alleges that it was not more than $3,500.

Subsequently settlement was made with the sheriff by defendant, D. Mullen Patterson. In due course, defendant Rose Alberstadt demanded $3,500 from plaintiff, Empire Mutual Insurance Company, and defendant, D. Mullen Patterson, demanded $2,500 from plaintiff, Insurance Company of North America.

Plaintiffs argue that where there is one building and one fire, then there is only one loss and the sum of the indemnity to be paid by the two companies cannot exceed the amount of this loss. Plaintiffs offer to rebuild the premises and restore them to the condition existing prior to the fire.

Defendants, however, contend that each has an insurable interest in the premises, and since the policies insure different interests on the same property, they therefore do not prorate.

In the recent case of Vogel et al. v. Northern Assur. Co. Limited et al., 114 F. Supp. 591, on facts strikingly similar to the case before us, Judge Grim ruled that both policies are payable in full, even though the sum recovered exceeded the loss. The court stated therein:

"There seems to be no doubt under the law of Pennsylvania, . . . that when a fire damages a property after an agreement of sale has been entered into and before delivery of the deed, the fire insurance company of the seller is liable to the seller of the property for the loss up to the limit of the policy, even though he may have been paid by the purchaser the full value of the property: Heidisch v. Globe & Republic Insurance Co., 368 Pa. 602."

The Vogel case also discussed the pro rata contention here raised by plaintiffs, stating:

"The 'pro rata liability' clause, . . . applies only where the insurance is on the same interest. The loss in the present case was sustained by two different people. It is clear from reading the Mt. Joy policy in its entirety that the insurance was not to be diminished by the presence of other insurance on another interest in the property."

Proration can exist only where there is "double insurance" and that will occur where one assured makes two or more insurances on the same subject with the same risk. Then one insurer who pays more than his portion can claim contribution from others who are liable. See Vrabel v. Scholler et al., 372 Pa. 578. It cannot be considered that there is "double insurance" under the facts of this case.

In connection with the offer of plaintiffs to rebuild, it is apparent that the offer came too late. The policy of each company here concerned provides that notice of intention to rebuild must be given within 30 days after the receipt of the proof of loss, and in neither case was the required notice forthcoming. See Gross v. Germania Fire Insurance Company, 29 Pa. Dist. R. 879.

Plaintiffs will not be permitted to change their obligation under the respective policies of insurance and defendants herein are entitled to payment in accordance with these policies.

Accordingly, judgment will be entered against the Insurance Company of North America and in favor of D. Mullen Patterson; and judgment will be also entered against the Empire Mutual Insurance Company and in favor of Rose Alberstadt.

*Order*

And now, to wit, May 6, 1954, judgment is entered against the Insurance Company of North America

and in favor of D. Mullen Patterson; and judgment will also be entered against the Empire Mutual Insurance Company and in favor of Rose Alberstadt, and further testimony may now be presented to determine the exact amount of damages in each case.